**Ray LAMBE et al., Appellants,**

v.

**C. G. GLASSCOCK et al., Appellees.**

**No. 13932.**

Court of Civil Appeals of Texas.

San Antonio.

July 5, 1962.

Rehearing Denied Sept. 5, 1962.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, Strickland, Wilkins, Hall & Mills, Mission, for appellants.

Wm. H. Shireman, David M. Coover, Robert L. Bunting, Jr., Ralph J. Graham, Corpus Christi, for appellees.

BARROW, Justice.

This is an appeal from a judgment rendered in a suit filed by Ray Lambe and others, individually and as statutory liquidating trustees of North Starr Petroleum Corporation, a dissolved Texas corporation, against C. G. Glasscock and others, for accrued and future overriding royalty on the Amalia R. de Canales lease, and for damages for failure to reassign the lease to appellants. Following a jury trial, a take-nothing judgment was rendered and appellants complain only of the action of the trial court in denying them recovery of the sum of $6,264.61, which was stipulated as accrued overriding royalty, plus $400.00 found by the jury as the value of future overriding royalty. The jury findings defeated the claim for damages and there is no appeal from that part of the judgment.

North Starr Petroleum Corporation was the owner of a number of leases on land in Starr County, which were leased by Cervacio Canales and others to George R. Boyle, and subsequently assigned to North Starr, including a tract of 120.94

acres leased from Amalia R. de Canales on August 20, 1948, which is involved in this suit. On December 8, 1949, North Starr assigned said leases to Glasscock and it was provided that Glasscock had the option of surrending any of said tracts to North Starr by notifying North Starr thirty days prior to the rental paying date on such surrendered tract. The Amalia R. de Canales lease required a delay rental payment on or before August 20, 1949, and a question arose as to whether or not Amalia R. de Canales and other lessors had received payment for same. Therefore, Glasscock and North Starr entered into an escrow agreement whereby the consideration was deposited with the First National Bank of McAllen. Glasscock had the option to reassign any of the leases in which he could not verify that delay rentals had been properly paid. There was a letter from North Starr's attorney to Glasscock in June, 1953, concerning reassignment of these leases, but they were never reassigned.

On December 27, 1949, Glasscock assigned a one-half interest in the Boyle lease in question to Pontiac Refining Corporation and warranted that all rentals had been duly paid. This interest was subsequently reassigned to Glasscock on August 12, 1953. Amalia R. de Canales refused to acknowledge payment of the delay rental under the Boyle lease, and on Dec. 13, 1949, she leased the same land to Clark, who on August 30, 1950, asssigned the lease to Glasscock.

Three issues were submitted to the jury:

"SPECIAL ISSUE NO. 1. What do you find from a preponderance of the evidence to have been the fair market value per acre of the Canales Oil and Gas Leases in the La Socatosa Grant involved in this suit in June, 1953? * * * ANSWER: $1.00 per acre.

"SPECIAL ISSUE NO. 2. What do you find from a preponderance of the evidence to be the fair market value of a $\frac{1}{16}$ of $\frac{7}{8}$ overriding royalty on the Amalia de Canales tract of 120.94 acres, being Tract No. 8 of share 2, El Haveli Grant, excluding any production therefrom prior to January 1, 1961? * * * ANSWER: $400.00

"SPECIAL ISSUE NO. 3. Do you find from a preponderance of the evidence that the Defendant C. G. Glasscock mutually agreed to and with the Plaintiffs in the latter part of January, 1953, to amend the assignment in question of December 8, 1949, to provide that if he thereafter drilled an additional well on the Antoco Munoz, et al., property and it was abandoned as a dry hole then the oil, gas and mineral leases in question herein, excluding the Amalia R. de Canales lease, would be allowed to expire and terminate under their own terms and provisions by not paying the delay rentals next falling due under each such lease in June, 1953? * * * ANSWER: Yes."

No issue was submitted to the jury as to whether the delay rental was properly paid to Amalia R. de Canales under the Boyle lease and the record does not reflect any objection to the charge for failure to submit same, or request for said issue. In entering judgment, the trial judge expressly found that the Amalia R. de Canales lease to Boyle had expired, due to the failure of North Starr to properly pay to her the annual delay rental before August 20, 1949, and that the assignment to Glasscock on December 8, 1949, was a nullity. Appellants assert, under their third and fourth points, that there is no evidence to support such a finding. On examining the record in the light most favorable to support this finding as we are required to do, we overrule this contention. Harrison v. Chesshir, 159 Tex. 359, 320 S.W.2d 814; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

North Starr attempted to pay the delay rentals on several leases by sending one check to the designated bank and directed

the bank to deposit said check to the account of Cervacio Canales and wife, Manuela G. Canales and Fernando Canales. There is evidence that someone other than lessor Amalia R. de Canales, withdrew all of said funds and that she was not paid her delay rental. There was evidence that Glasscock, by personal investigation, was led to believe that she would never deny payment. The Boyle lease was never reassigned to North Starr by Glasscock, and although Glasscock secured assignment of the Clark lease on August 30, 1950, he authorized the McAllen Bank, on August 9, 1951, to release to North Starr the balance of the escrow monies. There is no allegation or evidence of fraud on the part of Glasscock in so acquiring the Clark lease.

Thus we have a situation where appellants are claiming an overriding royalty interest under a senior lease which had expired at the time of its transfer to assignee who subsequently acquired a junior lease on the same property.

Appellants, as successors to North Starr, contend that since Glasscock recognized and relied upon the Boyle lease after knowledge of all facts, he can not assert its invalidity under the rule established in Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626, and that they are entitled to recover for their overriding royalty interest as a matter of law.

In Greene v. White, supra, the court in considering the validity of a mineral reservation held that the question was not whether the grantor had good title, but whether the parties to the deed and those claiming under them, were bound as between themselves by the recitals and provisions of the deed. The Supreme Court held that the parties to the deed were bound by the terms of their contract, and it was not necessary as between said parties and those holding under them, that good title be shown in grantor.

■ Glasscock had the right to acquire independent rights after the expiration of the senior Boyle lease. Thomas v. Warner-Quinlan Company of Texas, Tex.Civ. App., 65 S.W.2d 321; Montgomery v. Phillips Petroleum Co., Tex.Civ.App., 49 S.W.2d 967.

■ An overriding royalty interest is an interest carved out of the working interest created by an oil and gas lease. MacDonald v. Follett, 142 Tex. 616, 180 S.W.2d 334. It is derived from a particular oil and gas lease which constitutes the assignor's mineral estate, and its validity is subject to the terms, conditions and existence of such a lease. Gruss v. Cummins, Tex.Civ.App., 329 S.W.2d 496. Appellees concede that in an appropriate case the holder of an overriding royalty interest under a lapsed senior oil and gas lease can recover under equitable principles on such interest in the production under a junior lease on the same property. However, in the absence of pleadings, evidence and findings, such a recovery is waived. Newton v. Town of Highland Park, Tex.Civ.App., 282 S.W.2d 266.

It is undisputed that Glasscock accepted the assignment from North Starr and paid the final consideration after knowledge of lessor's refusal to ratify payment of delay rental; the assignment to Pontiac recited that all rentals were paid and unquestionably this senior lease, together with the junior lease, did make Glasscock's working interest more secure. Appellees assert that these facts as a matter of law estopped Glasscock from asserting the invalidity of the expired Boyle lease.

■ The general rule in Texas is that recitals in a deed are binding only when the parties thereto claim under such deed. Talley v. Howsley, 142 Tex. 81, 176 S.W.2d 158; Robert Oil Corporation v. Jones, Tex.Civ.App., 23 S.W.2d 472; Haley v. Sabine Valley Timber & Lumber Co., Tex. Civ.App., 150 S.W. 596; 31 C.J.S. Es-

toppel §§ 37, 38, pp. 214, 216. The rule in Greene v. White, supra, does not apply when the parties to the deed in question never attempted to use same in their chain of title. Dean v. Hidalgo County Water Improvement Dist. No. Two, Tex.Civ.App., 320 S.W.2d 29. Here the trial court found that the senior Boyle lease had expired and that therefore production was had under the junior Clark lease. We, therefore, hold that Glasscock was not estopped as a matter of law from asserting the expiration of the senior lease.

Appellants have neither made nor briefed any points of error as to appellee Pontiac Refining Corporation or appellee Riddell Petroleum Corporation.

The judgment is affirmed as to all parties.