**The STATE of Texas, Appellant,**

v.

**Willie V. DUNN et ux., Appellees.**

**No. 8909.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 20, 1978.

Rehearing Denied Dec. 18, 1978.

David R. Thomas, Asst. Atty. Gen., Dallas, for appellant.

Garner, Vickers & Purdom, Lubbock, Templeton & Garner, Robert E. Garner, Amarillo, for appellees.

DODSON, Justice.

The State of Texas brought this condemnation suit against Willie V. Dunn and his wife Ivas to acquire fee title to a .806 acre tract of land necessary to the construction of Interstate 27 in Lubbock County, Texas. The Dunns sought compensation for their .806 acre tract and consequential damages to their 160 acre farm. The jury determined the market value of the .806 acre tract to be $55,000 and awarded an additional $80,000 as damages to the remaining 160 acre tract. The trial court entered judgment on the jury verdict. The State appeals from this judgment, challenging only the award of consequential damages. We affirm.

The Dunns own both the .806 acre tract and the 160 acre tract. These tracts are separated by an approximately 330 feet expanse comprised of existing U.S. Highway 87 and a railroad right-of-way. An irrigation well equipped with casing, motor, pump and well house is located on the .806 acre tract. This well is used to irrigate the 160 acre tract by means of a pipeline crossing under the 330 feet expanse and joining the tracts. For clarity and a better understanding of the location of the properties, we have compiled from the record the following diagram, which is not drawn to scale.

The State's seven points of error are predicated upon its contention that the Dunns are not entitled to consequential damages to their 160 acre tract as a matter of law because they have no vested interest or legal right to maintain the pipeline across the highway right-of-way. This contention is premised upon the State's alleged fee ownership of the west 130 feet of the right-of-way by virtue of a correction warranty deed and quitclaim deed described below [1] and the further assertion that the Dunns have no property interest in the east 100 feet of the right-of-way. In support of its position, the State relies on the case of *State v. Lock*, 468 S.W.2d 560 (Tex.Civ.App. —Beaumont 1971, writ ref'd n. r. e.).

In *Lock*, the State condemned a tract of land for highway construction purposes. The condemnee claimed consequential dam-

ages to his 68 acre tract, which was separated from the tract taken by the State's fee owned right-of-way. A water well was located on the tract taken. This well provided water to the 68 acre tract through a pipeline traversing the right-of-way. The court determined that evidence of consequential damages was inadmissible because the condemnee failed to show any legal authority for the continued presence of the water line on the State's fee owned right-of-way.

We have reviewed the record and determined that *Lock* is distinguishable from the case at bar. In *Lock* there was no evidence establishing the condemnee's right to maintain his water line across the State's fee owned right-of-way. The condemnee was apparently a trespasser. In the case at bar, the Dunns have an existing legal right to

---

**1.** The instruments referred to are a correction warranty deed executed in 1960 from C. F. and Florence Buske to O. L. Brownlow, d/b/a Brownlow Farms, and a quitclaim deed executed in 1966 from the Brownlows to the State of Texas.

maintain their pipeline under the State's right-of-way. This right is evidenced by the instruments of title which are a part of the record summarized below.

■ In 1960 C. F. Buske and his wife Florence conveyed to Lonnie and O. L. Brownlow, d/b/a Brownlow Farms, by correction warranty deed a two acre tract out of the northeast one-fourth of Section 3, Block D, Lubbock County, Texas. This instrument constitutes the common source of title to the .806 acre tract and the west 130 feet of the highway right-of-way. In this warranty deed, the Buskes sought to "EXCEPT that part of said tract to be acquired by the Texas State Hiway Department for additional right-of-way purposes of Highway 87." As a general rule, exceptions are strictly construed against the grantor. *Stroud v. Hunt Oil Co.*, 147 S.W.2d 564, 567 (Tex.Civ.App.—Eastland 1941, no writ). Under this record, the exception fails to state with requisite certainty the description of the excepted area. Therefore, the Buskes retained no right, title or interest in the two acre tract. *See Fuentes v. Hirsch*, 472 S.W.2d 288, 293 (Tex.Civ.App.—El Paso 1971, writ ref'd n. r. e.); *Lewis v. Midgett*, 448 S.W.2d 548, 551 (Tex.Civ.App.—Tyler 1969, no writ). However, in 1964 the Buskes purported to convey by deed to the State the fee for the west 130 feet of the highway right-of-way, it being a 1.161 acre tract out of the two acre tract which the Buskes had no interest in.

■ On May 9, 1966, the Brownlows did convey by quitclaim deed the 1.161 acre tract out of the two acre tract located in the northeast one-quarter of Section 3, Block D, Lubbock County, Texas. This is the west 130 feet of the highway right-of-way. In this conveyance the Brownlows excepted "unto himself, his heirs and assigns title to and the right to operate and maintain a water line and a gas line subject to such regulations as is determined by the Texas Highway Department to be necessary in the interest of public safety and in compliance with approved engineering principles and practice." The record shows that the water and gas lines were in place and their location on the land was known to both the State and the Brownlows when the quitclaim deed was executed to the State. We also note that on October 13, 1965, the State Highway Department gave its approval to the Brownlows to locate a two inch gas line and an eight inch water line across its highway right-of-way.

In 1968 Lonnie Brownlow and his wife Patricia conveyed to Willie and Ivas Dunn by warranty deed all of the northwest one-fourth of Section 1, Block D, Lubbock County, Texas, subject to those easements of record and those visible on the ground. Also conveyed was the .806 acre tract and all of the Brownlows' right, title and interest in and to the remaining part of the said two acre tract located in the northeast one-fourth of Section 3, Block D, Lubbock County, Texas, except the highway right-of-way. Additionally, the warranty deed transferred the Brownlows' interest in two instruments labeled "licenses" in the deed. These instruments contained permission by the Santa Fe Railway and the Texas Highway Department to place the pipeline under the respective right-of-ways.

The State asserts that its document approving the pipeline under the highway is a revocable license and constitutes the Dunns' only authority for the continued existence of the pipeline. We do not agree. As detailed above, the Dunns are successors in title to the easement retained by the Brownlows in the quitclaim deed executed to the State. The Dunns further own the fee title to the east 100 feet of the State's right-of-way. Therefore, the Dunns have a legal right to use the pipeline so long as it does not interfere with the use and enjoyment of the right-of-way. *See City of Fort Worth v. Citizens Hotel Company*, 380 S.W.2d 60, 64 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.).[2] The State's docu-

2. This case cites with approval the following language from *Tacoma Safety Deposit Co. v. City of Chicago*, 247 Ill. 192, 93 N.E. 153 (1910):

We think that the law is well settled that the owner of real estate, subject only to a public or private easement, has the right to use his

ment of approval did not diminish the Dunns' legal rights, but merely approved the installation and existence of the pipeline under conditions which did not interfere with the use and enjoyment of the right-of-way.

■ In summary, the instruments contained the the record before us show that the Dunns own the following interests in the properties: (1) fee title to the .806 acre tract; (2) fee title to the 160 acre tract subject to the 100 feet highway right-of-way easement and the 100 feet railroad right-of-way easement; (3) fee title to the property designated as area A in the diagram, which is subject to the channel easement; and (4) an easement to operate and maintain a water line and gas line in the area designated as B in the diagram. The State owns fee title to the 130 feet highway right-of-way subject to the Dunns' ownership in areas A and B. Under these circumstances, we conclude that *Lock* does not preclude the Dunns from recovering consequential damages to the 160 acre tract.

■ On the other hand, the Dunns contend that they are entitled to consequential damages to their 160 acre tract under the doctrine of unity of use. In *McLennon County v. Stanford*, 350 S.W.2d 208, 209 (Tex.Civ.App.—Waco 1961, no writ), the late Justice Wilson, writing for the court, stated:

> The law seems to be firmly settled [that] . . . [w]here separate, but contiguous tracts are integral parts of an entity under common ownership in such physical and functional relationship that they are joined by unity of use by the

same proprietor into a single property, they will be treated as a whole in assessing damages to the remainder in the taking of a part.

*See also State v. McMahon*, 528 S.W.2d 881 (Tex.Civ.App.—El Paso 1975, no writ). The record shows that the Dunns acquired, in a single instrument dated February 26, 1978, ownership of the .806 acre tract, the 160 acre tract and the easement which connects the tracts and grants them the right to operate and maintain the pipelines under the highway right-of-way. The Dunns further own fee title to the area designated as A in the diagram, subject to the channel easement. The State stipulated that the two tracts are used by the Dunns as an agricultural unit. Under this record, the two tracts were joined by unity of use into a single property. The Dunns were entitled to have the properties "treated as a whole in assessing damages to the remainder [160 acre tract] in the taking of a part [.806 acre tract]."

■ The State tried this case and predicates its appeal on the sole theory that the Dunns were not entitled to consequential damages to their 160 acre tract because they had no vested property interest or legal right to maintain the pipeline across the highway right-of-way. Holding steadfast to this theory, the State maintains that the submission of special issue number one with the words "considered as severed land" and the submission of issues two and three resulted in the Dunns receiving a double recovery for the loss of their irrigation well.[3] At trial, the State specifically ob-

---

property for any purpose which he may deem proper, so long as the use to which it is put does not interfere with the proper enjoyment of the easement which is held by the public or by a private person therein.

3. The court submitted the case to the jury on three special issues. These issues, generally, follow the three special issues recommended in *State v. Carpenter*, 126 Tex. 604, 618, 89 S.W.2d 194, 201–02, *rehearing*, 89 S.W.2d 979 (1936). The issues submitted were:

(1) What do you find from a preponderance of the evidence to be the market value of the .806 acre tract of land taken and im-

provements located thereon, considered as severed land, by the State of Texas as of January 6, 1976?

(2) What do you find from a preponderance of the evidence was the market value of Defendants' remaining 160 acre tract of land and improvements thereon, immediately before the .806 acre tract was taken on January 6, 1976?

(3) Excluding increase in value, if any, and decrease in value, if any, by reason of benefits or injuries received by defendants in common with the community generally and not peculiar to them, and connected with their ownership, use, and enjoyment of the

jected only to the inclusion of the words "considered as severed land" in special issue number one and to the submission of special issues two and three, relying on its theory of the case as grounds for the objection. The State failed to specifically object to the submission of these issues on the ground that the issues were calculated to result in a double recovery for the Dunns. In the absence of a proper objection on such ground, we hold that the State waived this contention. *See* Tex.R.Civ.P. 274; *Southwestern Bell Telephone Company v. Ramsey*, 542 S.W.2d 466, 475 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.).

The State's points of error one through seven are overruled. Accordingly, the judgment of the trial court is affirmed.

remaining 160 acre tract of land, and taking into consideration the uses to which the .806 acre tract of land being taken is to be subjected, what do you find from a preponderance of the evidence was the market value of the 160 acre tract of land and improvements located therein immediately after the taking of the .806 acre tract of land on or about the 6th day of January, 1976?