Debra Warner **ANGELL**, Jennifer Angell **McKEE**, Jeanne Warner Clark, Hope Clark Fontanes, Jesse Beall Clark, Jr., Jeanne Claudia Clark Stewart, Bret Warner Clark, Frank D. Norris, Joe Warner Norris, Nancy Norris Harris, and Norma Norris Gist, Appellants,

v.

**S.A. BAILEY, Jack Ellison, Their Unknown Heirs, and Tom Nance, in his Capacity as Receiver, Appellees.**

No. 08–05–00404–CV.

Court of Appeals of Texas, El Paso.

May 24, 2007.

---

Scott Johnson, Pecos, for Appellants.

Greg M. Holly, Monahans, for Appellees.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

KENNETH R. CARR, Justice.

This appeal arises from a suit to remove a cloud on the title of real property located in Reeves County, Texas. Following a bench trial, the court ruled in favor of Appellees, the heirs of S.A. Bailey and Jack Ellison. Appellants, led by Debra Warner Angell, appeal.[1] For the reasons that follow, we reverse and render in part, affirm, as modified, in part, and remand to the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1936, D.M. Warner and his wife Mary Warner conveyed 299.51 acres to their son E.D. Warner (the "E.D. Warner deed"). The description of the conveyance was as follows:

> [A]ll that certain lot, tract, piece or parcel of land lying and being situated in Reeves County, State of Texas, and more particularly described as follows, to-wit:
>
> Being the North one-half of Section No. 9, Block C, 20, Reeves County Public School Land, containing 320 acres; save and except, however, the following described tracts of land which have heretofore been sold and conveyed to the following named parties, to wit:
>
> 2.49 acres out of the Southwest 40 acres of said above described Section which was sold to the State of Texas for Highway purposes;
>
> 10 acres conveyed to Jack Ellison; 2 acres conveyed to Lawrence Martin; 2 acres sold to S.A. Bailey; 2 acres sold to Norman Ellison and 2 acres sold to Mr. Anderson, all of said last mentioned 18 acres being out of the Southeast forty acres of said above mentioned section; making a total of 299.51 acres hereby conveyed.

Appellant Angell[2] is E.D. Warner's granddaughter and one of his successors in

---

1. The original petition also named Jennifer Angell McKee, Jeanne Warner Clark, Hope Clark Fontanes, Jesse Beall Clark, Jr., Jeanne Claudia Clark Stewart, Bret Warner Clark, Frank D. Norris, Joe Warner Norris, Nancy Norris Harris, and Norma Norris Gist as plaintiffs, and each of them is an Appellant in this Court. All of the Appellants are related by blood or by marriage and are successors in interest to E.D. Warner. Angell was the primary witness at trial and testified on the group's behalf.

2. Unless the context clearly refers to her individually, all future references herein to "Angell" shall include all Appellants collectively.

interest of the Reeves County property. Appellees are the unknown heirs and successors in interest to Bailey and Jack Ellison.[3] Although the deed records in Reeves County contain records of the Martin, Norman Ellison, C.D. Anderson,[4] and State conveyances, there are no recorded deeds for the remaining ten acres purportedly "conveyed" to Jack Ellison or the two acres purportedly "sold" to Bailey. Neither Bailey nor Jack Ellison has ever made any use of the property. Despite a diligent search, no record of Bailey, Jack Ellison, or their successors in interest has been located in the Reeves County records. E.D. Warner's decedents have leased the property for mineral exploration for many years and have paid taxes on up to 308 acres of the described property for some time.[5]

Angell brought this suit in Reeves County to remove a cloud on the property's title created by the unrecorded Jack Ellison and Bailey interests.[6] Following a bench trial, the court below ruled in favor of Bailey and Jack Ellison. The trial court determined that the deed was unambiguous and ruled that the Jack Ellison and Bailey exceptions created a co-tenancy between them and the parties to this appeal. The court also determined that Angell was estopped to deny the titles of Jack Ellison and Bailey, respectively, in the twelve acres at issue.

In her sole issue for review, Angell asks this Court to determine the effect of the Jack Ellison and Bailey exceptions in the E.D. Warner deed. Angell contends that the exceptions are void for lack of a sufficient description and that the twelve acres therefore passed to E.D. Warner. She argues first that the trial court erred by concluding that the exceptions were sufficiently described and that they created a co-tenancy between the parties to this appeal. Second, she argues that the trial court erred in applying the doctrine of estoppel by deed.

## DISCUSSION

As the trial court construed the deed, it concluded that the exceptions were sufficiently described and are therefore valid, resulting in a co-tenancy among Appellants, Bailey, and Jack Ellison, as well as Martin, Norman Ellison, and Anderson. Angell argues that the exceptions cannot be the source of any interest for Jack Ellison and/or Bailey, because they are not sufficiently described in the deed.

 The construction of an unambiguous written instrument is a question of law, which is reviewed *de novo*. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650–51 (Tex.1999). In a *de novo* review, erroneous conclusions of law

Furthermore, where appropriate in context, future references to the other individuals named in the foregoing deed, including Jack Ellison and S.A. Bailey, shall include their respective successors in interest.

3. Appellees were served by publication in Reeves County and are represented by an attorney ad litem in this proceeding.

4. "Mr." Anderson is so identified in his recorded deed.

5. The record in this Court includes records of computerized tax receipts from 1991 forward, paid by the Warner family. Prior to 1991, the

Reeves County tax records were not computerized, and they are not readily accessible.

6. A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property. *Sadler v. Duvall*, 815 S.W.2d 285, 293 (Tex.App.-Texarkana 1991, writ denied). A suit to remove a cloud on title (a "suit to quiet title") is a suit for a specific equitable remedy. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.-Corpus Christi 2001, no pet.).

are not binding on an appellate court. *Heritage Resources, Inc. v. Hill,* 104 S.W.3d 612, 621 (Tex.App.-El Paso 2003, no pet.). If a reviewing court determines that the judgment rendered was proper, despite an erroneous conclusion of law, the error does not require reversal. *Id.*

■ A court's primary goal when construing a deed is to determine the intent of the parties, as expressed in the document. *Lane Bank Equip. Co. v. Smith S. Equip.,* 10 S.W.3d 308, 321 (Tex.2000); *Concord Oil Co. v. Pennzoil Exploration & Prod. Co.,* 966 S.W.2d 451, 465 (Tex.1998). With some exceptions not relevant here, we determine the parties' intent from the language of the instrument. *See Luckel v. White,* 819 S.W.2d 459, 461–62 (Tex.1991) (the "four corners" rule requires a court to determine the parties' intent from the language of the deed); *see also CenterPoint Energy Houston Elec., L.L.P. v. Old TJC Co.,* 177 S.W.3d 425, 430 (Tex.App.-Houston [1st Dist.] 2005, pet. denied) (extrinsic evidence of the parties' intent is admissible only when an ambiguity is apparent on the face of the deed, in a suit for reformation, or when a party alleges fraud, accident, or mistake). In our construction, we must attempt to harmonize and give effect to all of the instrument's provisions, so that none will be rendered meaningless. *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 133–34 (Tex.1994).

■ Initially, we note our agreement with the trial court's interpretation of the Warner deed, to the extent that it held that the reference to "the above described Section" within the third and forth paragraphs, as quoted above, necessarily refers only to the *North half* of Section No. 9, Block C, 20, Reeves County Public School Land. It is also clear from the four corners of the Warner deed that the Bailey and Jack Ellison exceptions are located within the "southeastern-most" forty acres of the North half of Section No. 9, Block C, 20. There is no evidence of a controversy over the title to the other 7/8ths (forty acres being 1/8th of one-half of a Section) of the North half.[7] Therefore, with the exception of the southeastern-most forty acres[8] and the 2.49–acre conveyance to the State (which is not in dispute), the cloud on Angell's title can and should be removed. To the extent that the trial court's denial of any relief to Angell leaves a cloud on her title to the tracts described in the footnote,[9] we will reverse the decision of the trial court and render judgment in favor of Angell.

The interests of Martin, Norman Ellison, and Anderson are likewise clear. The deed records of Reeves County which are contained in the record before this Court reflect that each of these three 2–acre "tracts" actually consists of a one-fifth (20%) undivided interest in the southeastern-most 10–acre parcel of the property covered by the E.D. Warner deed.[10] Collectively, therefore, they own an undivided three-fifths (60%) of that parcel. The ownership of the remaining, undivided, two-fifths (40%) of that parcel, plus the remaining 30 acres of the property covered by the E.D. Warner deed, is less clear.

■■ The references to the Jack Ellison and Bailey interests are said to be

---

7. Nevertheless, Plaintiff's [sic] Original Petition seeks to remove a cloud on the Appellants' title to the entire tract.

8. That is, the Southeast ¼ of the Northeast ¼ of the entire Section.

9. Specifically, as to the North ¼ of the Section, plus the Southwest ¼ of the Northwest ¼ (except the State's 2.49 acres), the Southeast ¼ of the Northwest ¼, and the Southwest ¼ of the Northeast ¼ of the Section.

10. *I.e.,* the Southeast ¼ of the Southeast ¼ of the Northeast ¼ of the Section.

"exceptions" to the E.D. Warner conveyance. An exception is a "mere exclusion from a grant of some interest which may be vested in the grantor or outstanding in another." *Fuentes v. Hirsch*, 472 S.W.2d 288, 293 (Tex.Civ.App.-El Paso 1971, writ ref'd n.r.e.). An interest excepted from a grant is excluded from the conveyance, so it does not pass to the grantee.[11] *Scholz v. Heath*, 642 S.W.2d 554, 557 (Tex.App.-Waco 1982, no writ).

Conversely, a reservation or exception in favor of a stranger to a deed does not convey any title to such stranger. *Jackson v. McKenney*, 602 S.W.2d 124, 126 (Tex.Civ.App.-Eastland 1980, writ ref'd n.r.e.). By the same token, strangers to the deed have no right to establish title by recitals in such deed.[12] *Canter v. Lindsey*, 575 S.W.2d 331, 335 (Tex.Civ.App.-El Paso 1978, writ ref'd n.r.e.); *Little v. Linder*, 651 S.W.2d 895, 900–01 (Tex.App.-Tyler 1983, writ ref'd n.r.e.).

Applying the law of conveyances, the trial court determined that the references to Jack Ellison and Bailey created a co-tenancy with Appellants. It is well established that the conveyance of an undivided interest in a certain number of acres out of a larger tract does create a co-tenancy among the title holders. In such a case, the co-tenants' respective interests are measured as fractional interests, the numerator being the number of acres owned and the denominator being the total number of acres in the larger tract. *See Williams v. Kirby Lumber Corp.*, 355 S.W.2d 761, 763–64 (Tex.Civ.App.-Beaumont 1962, writ ref'd n.r.e.) (citing *Turner v. Hunt*, 131 Tex. 492, 116 S.W.2d 688, 690

(Tex.1938), and *House v. Humble Oil & Ref. Co.*, 97 S.W.2d 314, 318 (Tex.Civ.App.-Beaumont 1936, writ ref'd)).

We believe that the trial court's *reasoning* on this point is in error, because the plain language of the deed (quoted above) states that the twelve acres at issue were *excepted* from the conveyance. As noted above, it is clear that D.M. Warner *et ux.* did not intend to convey anything to Jack Ellison or Bailey by this instrument.[13] The use of the phrase "subject to" indicates the grantors' intent to exclude the Jack Ellison and Bailey interests from the conveyance. The language creates exceptions in favor of Jack Ellison and Bailey and therefore conveyed no interest. *See Lindsey*, 575 S.W.2d at 335. As no interest was conveyed to Jack Ellison or Bailey, there is no co-tenancy of undivided interests within the four corners of this deed.

Angell argues that the exceptions themselves cannot be effective, because they lack a description sufficient to identify what acres had been transferred to Jack Ellison and Bailey. She concludes that, because the exceptions are ineffective, the acres were conveyed to E.D. Warner along with the larger tract.

We agree that, for a clause in a deed to operate as exception, it must identify, with reasonable certainty, the property to be excepted from the larger conveyance. *Fuentes*, 472 S.W.2d at 293 (citing *Lewis v. Midgett*, 448 S.W.2d 548 (Tex.Civ.App.-Tyler 1969, no writ)). Where the subject of the conveyance is sufficiently described, but the excepted portion is not identifiable, the exception fails, rather than the grant, because the

---

11. It is thus clear that D.M. Warner *et ux.* did not intend that this instrument convey any of the excepted tracts, either to their son or to anyone else.

12. Therefore, neither Bailey nor Jack Ellison can use *the conveyance* described in the E.D. Warner deed to establish his own title to any property.

13. *But cf.* n. 11, *supra.*

uncertainty goes to the exception only. *State v. Dunn,* 574 S.W.2d 821, 824 (Tex. Civ.App.-Amarillo 1978, writ ref'd n.r.e.) (citing *Fuentes,* 472 S.W.2d at 293). Therefore, if the portion excepted is not specifically described, the deed will operate to convey the whole tract, including that which was intended as an exception. *Fuentes,* 472 S.W.2d at 293 (citing *De Roach v. Clardy,* 52 Tex.Civ.App. 233, 113 S.W. 22 (Tex.Civ.App.1908, writ ref'd), and *Waterhouse v. Gallup,* 178 S.W. 773 (Tex. Civ.App.-Galveston 1915, writ ref'd)).

In our opinion, however, Angell's reliance upon *Fuentes* and *Dunn* is inapposite, because we believe that the language of the deed, to wit, "except ... the following described tracts of land *which have heretofore been sold and conveyed* to ... 10 acres conveyed to Jack Ellison; ... 2 acres sold to S.A. Bailey ... all of said last mentioned ... acres being out of the Southeast forty acres of said above mentioned [parcel] ..." (emphasis supplied) does sufficiently describe the excepted interests; they are two tracts previously conveyed by the grantors to Jack Ellison and Bailey, respectively.[14] This dispute has arisen, not because of any imprecision in the grantors' exception language, but because Jack Ellison and Bailey never recorded their deeds.[15]

■■■■■ While the exceptions listed in the E.D. Warner deed did not create (or convey) any interest in the property which Bailey and/or Jack Ellison did not already possess, the exceptions are still effective to prevent Angell from denying their existence.[16] "Estoppel by deed stands for the general proposition that 'all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law.'" *Freeman v. Stephens Prod. Co.,* 171 S.W.3d 651, 654 (Tex. App.-Corpus Christi 2005, pet. denied) (citing *Sauceda v. Kerlin,* 164 S.W.3d 892, 915 (Tex.App.-Corpus Christi 2005, pet. granted, judgm't vacated)) (quoting *Wallace v. Pruitt,* 1 Tex.Civ.App. 231, 20 S.W. 728, 728–29 (1892, no writ)). Estoppel by deed or contract precludes parties to a valid instrument from denying its force and effect. *Schroeder v. Texas Iron Works, Inc.,* 769 S.W.2d 625, 628–29 (Tex.App.-Corpus Christi 1989), *aff'd on other grounds,* 813 S.W.2d 483 (Tex.1991). Although estoppel by deed operates most commonly against a

---

14. We note, from the Reeves County deed records, that the excepted deeds to Martin, Norman Ellison, and Anderson, as well as the one to the State (none of which Angell disputes), all referred to actual conveyances of interests in the subject property which, as stated in the E.D. Warner deed, had been made by D.M. Warner *et ux.* several years prior thereto.

15. We do not need to speculate about what would be the result, in view of Bailey's and Jack Ellison's failures to record their respective deeds, if the grantors (D.M. Warner *et ux.*), had attempted to convey those same tracts to their son (or to a third party). The simple fact is that the grantors expressly stated that they were *not* attempting to convey any of the listed interests.

16. Angell argues that, where an exception fails due to a lack of a proper description, there can be no estoppel. However, she cites no case law, and we have been unable to find a case in Texas where estoppel by deed was ineffective due to the inadequate description of an exception or reservation. In addition, were we to decide that estoppel does not apply in this case, we would render the exceptions meaningless. Such a construction would violate the rule as stated in *Forbau,* 876 S.W.2d at 133–34, that we must attempt to harmonize all of an instrument's provisions, so that none will be rendered meaningless.

grantor, a grantee is similarly a party to the deed and bound by the recitals, reservations, and exceptions therein. *See Greene v. White,* 137 Tex. 361, 153 S.W.2d 575, 583 (1941); *Zambrano v. Olivas,* 490 S.W.2d 218, 221 (Tex.Civ.App.-El Paso 1973, writ ref'd n.r.e.).

■■■■ Estoppel by deed is the product of a good and valid deed. *Powers v. Wallis,* 258 S.W.2d 360, 362–63 (Tex.Civ.App.-Eastland 1953, writ ref'd n.r.e.) (citing *Breen v. Morehead,* 126 S.W. 650, 655 (Tex.Civ.App.1910), *aff'd,* 104 Tex. 254, 136 S.W. 1047 (1911)). The effect of estoppel by deed is to prevent a party to the deed from denying the truth of the recitals in a valid deed. *See Freeman,* 171 S.W.3d at 654. A "recital" is a formal statement in any deed or writing that is used to explain the reasons upon which the transaction is based. *McMahan v. Greenwood,* 108 S.W.3d 467, 484 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). The recital of facts binds both the parties to the deed and their privies. *See Lambe v. Glasscock,* 360 S.W.2d 169, 172 (Tex.Civ.App.-San Antonio 1962, writ ref'd n.r.e.); *McDaniel v. Cherry,* 353 S.W.2d 280, 284 (Tex.Civ.App.-Texarkana 1962, writ ref'd n.r.e.) (citing *Williams v. Hardie,* 85 Tex. 499, 22 S.W. 399, 401 (1893)). To determine whether the doctrine of estoppel by deed should apply, we must again focus on the intention of the parties to the instrument and ask whether the parties intended to bind themselves to the terms of the recital at issue. *Sauceda,* 164 S.W.3d at 915.

The E.D. Warner deed unambiguously recites that, within the southeastern-most forty acres of the land covered thereby,[17] ten acres had previously been conveyed to Jack Ellison and two acres had been previously been conveyed to Bailey. Angell is a

decedent of the grantee in the deed, privy to its language by her family relationship to both the grantors and the grantee. She is bound by the recitals, just as her grandfather was. *See Freeman,* 171 S.W.3d at 654. There has been no argument that this deed is invalid in any way. The deed recites that the exceptions were made because the acres had already been transferred to the parties referenced, including Jack Ellison and Bailey. Angell is estopped to deny the truth of the recitals in the instrument and therefore cannot deny the Jack Ellison and Bailey interests. The trial court did not err by concluding that Angell was estopped to deny the existence of the Jack Ellison and Bailey interests.

Therefore, while we do not agree with all of the trial court's reasoning, as set forth in its Findings of Fact and Conclusions of Law, with regard to the southeastern-most parcel of the half-Section, we do agree with his conclusion that Bailey, Jack Ellison, and Appellants are co-tenants of those forty acres.

The trial court did, however, err in not noting that the Martin–Norman Ellison–Anderson interests are limited to the southeastern-most 10–acre parcel, rather than the entire forty-acre tract. We therefore conclude that the land in the southeastern-most forty acres covered by the E.D. Warner deed is owned as co-tenants in the following percentages:

*The SE ¼ of the SE ¼ of the NE ¼ of the Section [i.e., the southeastern-most 10 acres]*

| | |
|---|---|
| Lawrence Martin | 20.00% |
| Norman Ellison | 20.00% |
| C.D. Anderson | 20.00% |
| Jack Ellison | 11.77%[18] |
| S.A. Bailey | 2.35% |
| Appellants | 25.88%. |

---

17. *See* n. 6, *supra.*

18. Appellees' and Appellants' percentage co-tenancies for this parcel were calculated as

*The W ½ of the SE ¼ of the NE ¼ of the Section plus the NE ¼ of the SE ¼ of the NE ¼ of the Section [the remaining 30 acres]*

| | |
|---|---|
| Jack Ellison | 29.41% |
| S.A. Bailey | 5.88% |
| Appellants | 64.71%. |

## CONCLUSION

The trial court erred in not removing the cloud on Angell's title to 7/8ths of the affected one-half Section.

Although the trial court also erred by applying the law of conveyances to the Jack Ellison and Bailey exceptions, the trial court did not err in ruling that Angell was estopped to deny the existence of Jack Ellison's and Bailey's interests in the SE ¼ of the NE ¼ of the Section, nor did it err in concluding that Appellants and Appellees are co-tenants of a portion of the deeded property.

We therefore reverse and render in part and affirm, as modified, in part. In light of our disposition, we remand to the trial court for further proceedings not inconsistent with this opinion, including a reconsideration of the fees to be awarded to the attorney ad litem.

