Opinion filed March 31,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                           No. 11-08-00180-CV 

                                                    __________

 

               MASGAS, A PARTNERSHIP, AND MHW, INC., Appellants

                                                             V.

                                  E.D.
ANDERSON ET AL, Appellees

 



 

                                          On
Appeal from the 90th District Court

                                                       Stephens
County, Texas

                                                Trial
Court Cause No. CV29,050

 



 

                                                                  O
P I N I O N

 








This case involves the ownership of working
interests in certain oil and gas properties.  There are three parties involved
in a dispute over the ownership of oil and gas leases:  Masgas, a partnership;
MHW, Inc.; and E.D. Anderson and his sons.  Masgas filed suit against the
Andersons seeking recovery of distributions, an accounting, and a declaratory
judgment that Masgas owns the disputed working interests.  MHW filed a plea in
intervention for declaratory relief that MHW owned the disputed working interests. 
Masgas sought a declaratory judgment against MHW and alleged a trespass to try
title action against MHW.  The Andersons brought a counterclaim against MHW for
a declaratory judgment that the Andersons own the disputed working interests. 
The Andersons and MHW filed cross-motions for summary judgment.  The trial
court granted the Andersons=
motion for summary judgment against MHW and denied MHW=s motions for summary judgment against both
the Andersons and Masgas.  The trial court heard the remaining issues during a
bench trial on February 19, 2008.  The trial court entered judgment that the
Andersons are the owners of the disputed working interests, that Masgas take
nothing in its claims against the Andersons, that MHW has no interest in the
disputed leases, and that the Andersons are entitled to attorney=s fees.  We affirm.

William Pat Massey, the president and CEO of
MHW, is the father of Mike Massey, a partner in Masgas.  Pat and Mike Massey
acquired oil and gas leases in the name of MHW and operated the wells for many
years.  After a family dispute, Pat and Mike Massey entered into an agreement
on December 1, 1994.  After the 1994 agreement, MHW paid Masgas proceeds from
the disputed working interests.  MHW sold the leases to the Andersons on August
19, 1996.  The Andersons became operators of the leases and continued to make
payments to Masgas based upon documentation furnished by MHW.

In October 2005, the Andersons requested
Masgas to furnish title information or a conveyance document to substantiate
its claim of ownership of the leases.  Masgas provided the Andersons with the
1994 agreement, a joint operating agreement, and division orders.  The
Andersons were not satisfied with the documentation, and they stopped making
payments to Masgas. Masgas filed suit.  The trial court found that the
Andersons are the owners of the disputed working interests.  This appeal
followed. 

Masgas brings four issues on appeal. Masgas
first argues that the trial court erred in holding that the Andersons are the
owners of the disputed working interests.  The record shows, and Mike Massey
testified, that he and his father, Pat Massey, acquired the oil and gas leases
in the name of MHW.  Mike Massey testified that there is no recorded instrument
under which Masgas claimed title to the disputed working interests.  Mike
Massey stated that the Andersons Aknew@ about Masgas=s interests because of the
joint operating agreement and the division orders.  Masgas claims that the 1994
agreement, the JOA, and the division orders should be read as a single
integrated instrument and that, read together, they comprise a valid deed.  The
1994 agreement states:

Enclosed is a copy of AAPL Form 610-1977, Model Form
Operating Agreement dated 10-1-84 that is in effect for other W.I. owners in
properties operated by MHW, INC.  Such Operating Agreement applies to the
properties operated by MHW, INC. that you own an interest in. . . .








Also enclosed are Oil & Gas Division Orders covering the
properties you own an interest in. . . .

 

As part of this package, MHW, INC. & W. Pat Massey, First
Party, and MASGAS, Michael W. Massey & Cheryl Chaney Massey, Second Party,
by signatures below waive all claims, disputes, etc. between the two parties
concerning these properties and pledge not to be antagonistic toward each other
in the future.

 

. . . .

 

Notwithstanding the above . . . properties (leases) presently
owned by MHW, INC. and future properties (leases) acquired by MHW, INC. that
you do not presently own an interest in, are excluded from any effect of the
Operating Agreement dated 10-1-84.

 

By statute, a deed must be in writing and
must be subscribed or delivered by the conveyor or the conveyor=s agent.  Tex. Prop. Code Ann. ' 5.021 (Vernon 2004).  For
a deed or instrument to effect conveyance of real property, it is not necessary
to have all the formal parts of a deed formerly recognized at common law or to
contain technical words.  If, from the whole instrument, a grantor and grantee
can be ascertained, if there are operative words or words of grant showing an
intention of the grantor to convey title to a real property interest to the
grantee, and if the instrument is signed and acknowledged by the grantor, it is
a deed that is legally effective as a conveyance.  Harlan v. Vetter, 732
S.W.2d 390, 392 (Tex. App.CEastland
1987, writ ref=d
n.r.e.).

 The 1994 agreement does not contain
operative words or words of grant showing an intent by MHW to convey the
disputed working interests to Masgas.  The 1994 agreement references Athe properties . . . you
own an interest in.@ 
This does not indicate an interest to convey title but, instead, suggests a
prior acquisition.  Nor can granting language be found in any attachment.

The JOA, in fact, disclaims
any intent to do so.  Article III(B) of the JOA contains the following language:

 All
production of oil and gas from the Contract Area, subject to the payment of
lessor=s royalties
which will be borne by the Joint Account, shall also be owned by the parties in
the same manner during  the term hereof:  provided, however, this shall not be
deemed an assignment or cross-assignment of interests covered hereby.

 

 








Finally, the division orders do not contain words of grant or
conveyance and, by themselves, are not a conveyance of an oil and gas
interest.  Gavenda v. Strata Energy, Inc., 705 S.W.2d 690, 691 (Tex.
1986).  Because there are no operative words of grant conveying title to
Masgas, the 1994 agreement is not a valid deed.

Masgas further claims that, even if the 1994
agreement is not a deed, then it is enforceable as a contract pursuant to Tex. Prop. Code Ann. ' 5.002 (Vernon 2004). 
Section 5.002 states that A[a]n
instrument intended as a conveyance of real property or an interest in real
property that, because of this chapter, fails as a conveyance in whole or in
part is enforceable to the extent permitted by law as a contract to convey the
property or interest.@ 
A deed based on a valuable consideration but ineffectual to operate as a
conveyance is treated in equity as a contract to convey.  Magee v. Young,
198 S.W.2d 883, 886 (Tex. 1946).  Unlike the document in Magee, the 1994
agreement does not show an intent to convey an interest in real property; it
merely references interests already owned by Masgas.           Masgas further
claims ownership of the disputed working interests pursuant to estoppel by
contract.  Estoppel by deed or contract precludes parties to a valid instrument
from denying its force and effect.  Angell v. Bailey, 225 S.W.3d 834,
841 (Tex. App.CEl Paso
2007, no pet.);  Schroeder v. Tex. Iron Works, Inc., 769 S.W.2d
625, 628‑29 (Tex. App.CCorpus
Christi 1989), aff'd on other grounds, 813 S.W.2d 483 (Tex. 1991). 
Estoppel by deed is the product of a good and valid deed.  Angell, 225
S.W.3d at 842; Powers v. Wallis, 258 S.W.2d 360, 362‑63 (Tex. Civ.
App.CEastland 1953,
writ ref=d n.r.e.). 
The effect of the doctrine is to prevent a party to the deed from denying the
truth of the recitals in a valid deed.  Freeman v. Stephens Prod. Co.,
171 S.W.3d 651, 654 (Tex. App.CCorpus
Christ1 2005, pet. denied).  Because the 1994 agreement is not a valid deed,
this doctrine does not apply.

Masgas also argues that MHW and the
Andersons have waived any right to contest Masgas=s
ownership of the disputed working interests because of their uninterrupted
payments of the proceeds  from the interests.  Masgas claims that silence or
inaction for so long a period as to show an intention to yield the known right
is enough to prove waiver (citing Tenneco Inc. v. Enterprise Products Co.,
925 S.W.2d 640, 643 (Tex. 1996)).  Tenneco does not allow the conveyance
of an interest in property based upon waiver.  MHW agreed to pay Masgas a
percentage of the proceeds from the disputed working interests, and the
Andersons continued paying the proceeds.  The Andersons subsequently revoked
the division orders and discontinued payments.  The Andersons did not waive
their right to contest ownership of the disputed working interests.








The trial court did not err when it found
that the Andersons are the owners of the working interests.  Masgas produced no
evidence that it acquired title to the disputed interests, the Andersons did
establish record title, and the Andersons are not estopped or otherwise
precluded from denying Masgas=s
claim.  We overrule Masgas=s
first issue on appeal.

Masgas argues in its second issue that the
trial court erred when it denied Masgas=s
claim to establish its overriding royalty interest in the AChoate #B6@ well.[1] 
Mike Massey testified that he acquired an overriding royalty interest in the
Choate #6 back in the Aearly
'90s.@  Mike Massey
further testified that MHW recognized his overriding royalty interest in the
Choate #6 but that he did not receive payments from the Andersons on the
interest.

The record shows that Mike Massey and Pat
Massey acquired oil and gas leases in the name of MHW.  Mike Massey testified
that there is no document in his possession or on record that transfers to him
any interest in the Choate #6.  Consequently, the trial court did not err by
denying Masgas=s claim
to an overriding royalty interest in the Choate #6.  We overrule Masgas=s second issue. 








MHW argues in two issues that the trial
court erred when it denied its motions for summary judgment and when it granted
the Andersons= motion
for summary judgment.  When, as here, a party files a traditional motion for
summary judgment, the standard of review is well settled.  Questions of law are
reviewed de novo.  Jeffries v. Pat A. Madison, Inc., 269 S.W.3d 689, 690
(Tex. App.CEastland
2008, no pet.).  When cross-motions are filed and the trial court grants one
and denies the other, we review all issues presented and enter the judgment
that the trial court should have entered.  Bradley v. State ex rel. White,
990 S.W.2d 245, 247 (Tex. 1999); Moon Royalty, LLC v. Boldrick Partners,
244 S.W.3d 391, 394 (Tex. App.CEastland
2007, no pet.).  To determine if a fact question exists, we must consider
whether reasonable and fair‑minded jurors could differ in their
conclusions in light of all the evidence presented.  Goodyear Tire &
Rubber Co. v. Mayes, 236 S.W.3d 754 (Tex. 2007).  We must consider all the
evidence in the light most favorable to the nonmovant, indulging all reasonable
inferences in favor of the nonmovant, and determine whether the movant proved
that there were no genuine issues of material fact and that it was entitled to
judgment as a matter of law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546 (Tex. 1985); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671 (Tex. 1979).

MHW and the Andersons entered into an
assignment of oil and gas leases and bill of sale that contains the language:

MHW . . . has, BARGAINED, SOLD, TRANSFERRED
ASSIGNED AND CONVEYED and by these presents BARGAINS, SELLS, TRANSFERS, ASSIGNS
AND CONVEYS in equal shares unto [the Andersons] their heirs, successors and
assigns, all of MHW, Inc.=s
right, title and interest in and to the oil and gas leases described in Exhibit
AA@ attached hereto and made a
part hereof for all purposes. . . .

 

. . .  MHW . . . does covenant [the
Andersons] . . . that MHW, Inc. is the lawful owner of said leases described
in  Exhibit AA.@ . . . MHW, Inc. further
warrants that it is the owner of the working interest as set out beside each
leasehold estate name in Exhibit AA.@

 

Whether a document is ambiguous is a
question of law.  Moon Royalty, 244 S.W.3d at 394.  A document is
ambiguous when the application of the pertinent rules of interpretation to the
face of the instrument leaves the court genuinely uncertain which one of two or
more meanings is the proper meaning.  Universal C. I. T. Credit Corp. v.
Daniel, 243 S.W.2d 154, 157 (Tex. 1951); Moon Royalty, 244 S.W.3d at
394.  Lack of clarity does not create an ambiguity.  Forbau v. Aetna Life
Ins. Co., 876 S.W.2d 132, 134 (Tex. 1994).  Neither party argues that the
assignment is ambiguous, and we do not find it to be ambiguous.

MHW filed a plea in intervention arguing
that it retained some title to the disputed working interests.  The assignment
states that MHW assigns all of its rights to oil and gas leases described in 
Exhibit AA.@  Exhibit AA@ specifically names seven leases.  Each named
lease is labeled with a percentage working interest.  MHW argues that it only
assigned the fractional interest noted on Exhibit AA@
and retained title to the Adisputed
working interests.@








The granting clause states that MHW ASELLS, TRANSFERS, ASSIGNS,
AND CONVEYS . . . all of [MHW=s]
right, title and interest in . . . the oil and gas leases described in Exhibit >A=@ 
(emphasis added).  We give each word its plain grammatical meaning unless it
definitely appears that the intention of the parties would thereby be
defeated.  McMillan v. Dooley, 144 S.W.3d 159 (Tex. App.CEastland 2004, pet.
denied).  Therefore, the assignment provides that MHW grants to the Andersons
its entire interests in the leases described in Exhibit AA.@ 
The reference to MHW=s
fractional interest was in the warranty provision.  While MHW assigned all of
its interests, it only warranted that it owned the fractional interests
described in Exhibit AA.@  The trial court did not
err when it granted the Andersons=
motion for summary judgment and neither did it err when it denied  MHW=s motions for summary
judgment.  We overrule MHW=s
first and second issues on appeal.

Masgas claims in its third issue on appeal
that the trial court erred when it awarded attorney=s fees to the Andersons and when it denied
Masgas=s attorney=s fees.  MHW argues in its
third issue on appeal that the trial court erred when it denied MHW=s recovery of attorney=s fees for its claims
against Masgas.  The parties in this suit sought relief under the Declaratory
Judgments Act.[2]  The trial
court was authorized to award Acosts
and reasonable and necessary attorney=s
fees as are equitable and just.@ 
Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 2008).  The
trial court found that the Andersons were the owners of the disputed working
interests and that Masgas was to take nothing against the Andersons.  The trial
court further found that MHW was not entitled to any requested relief.  The
trial court did not err when it awarded attorney=s
fees to the Andersons and when it denied Masgas=s
and MHW=s claims for
attorney=s fees.  We
overrule both Masgas=s
and MHW=s third issues
on appeal. 

In its fourth issue on appeal, Masgas argues
that the trial court correctly denied MHW=s
claim against Masgas.  We held that MHW assigned all of its interests to the
Andersons and that the trial court was correct in finding that the Andersons
are the owners of the disputed interests.  Because we agree that the Andersons
are the owners of the disputed working interests, we need not reach this issue
on appeal.  Tex. R. App. P. 47.1. 
We have considered all issues on appeal, and all are overruled.

The judgment of the trial court is affirmed.

 

 

March 31, 2010                                                                       JIM
R. WRIGHT

Panel
consists of:  Wright, C.J.,                                             CHIEF
JUSTICE

McCall,
J., and Strange, J.









[1]The record reflects that the parties used AChoate #B6@ and
AChoate #6@ to
refer to the same well.





[2]Tex. Civ. Prac. & Rem.
Code Ann. '' 37.001-.011 (Vernon 2008).