J. A. PARKER, v. G. W. CAMPBELL.

Where a party has solemnly admitted a fact by deed under his hand and seal, he is estopped not only from denying the deed itself, but every fact which it recites.

A continuance, properly refused, where the witness (whose absence was the ground of the application) resided remote from the county seat and a subpœna was issued for him only two days before the trial.

An affidavit for continuance prematurely made not sufficient.

Error from Houston. Tried below before Hon. J. H. Reagan.

This was a suit against certain of the sureties of one Elon A. Campbell, on his bond as guardian of Geo. W. Campbell.

The appellant set up among other defences specially, that said Elon A. Campbell was never properly appointed guardian of said Geo. W., that the County Court of Houston county had no jurisdiction over the person or property of said Geo. W., and that it had no power to grant letters of guardianship to said Elon A., or to take bond of.

There was a verdict and judgment for the defendant in error.

*T. J. Word*, for plaintiff in error.

*E. H. Horrell* and *J. E. Cravens*, for defendant in error.

WHEELER, J. There is no better settled doctrine than that, where a party has solemnly admitted a fact by deed and under his hand and seal, he is estopped, not only from denying the deed itself, but every *fact* which it recites. (9 Wend. R. 209 ; 4 Blackf. 437.) It is unnecessary to cite the numerous

cases which establish this general doctrine. The case of Borden v. Houston, decided by this Court, is decisive of the present question. (2 Tex. R. 594; and see 8 Pick. 386; 3 Id. 38.) The defendant was not at liberty to dispute the appointment and official character of his principal in the bond. He was estopped from denying that he was the lawful guardian of the plaintiff. The Court, therefore, did not err in sustaining exceptions to the answer.

There was no error in refusing a continuance. The witness resided remote from the county seat. Yet the subpœna was not issued until after the commencement of the Term of the Court; but two days appear to have intervened between the issuance of the subpœna and the day on which the application to continue was made. If the subpœna had been issued in time, the witness might have been in attendance. The delay should have been satisfactorily explained. " The service of a subpœna upon a witness ought always to be made a reasonable time before trial, to enable him to put his affairs in such order that his attendance upon the Court may be as little detrimental as possible to his interest. On this principle, a summons in the morning to attend in the afternoon of the same day, has been held insufficient, though the witness lived in the same town, and very near the place of trial." (1 Greenl. Ev. Sec. 314.) Besides the affidavit appears to have been prematurely made, being three days before the trial. (Parker v. McKelvain, 17 Tex. R. 157.)

There is no error in the judgment and it is affirmed.

Judgment affirmed.