**Frances C. WOHLER, Individually and in Her Capacity as Trustee of the Frances C. Wohler Trust, Appellant,**

v.

**LA BUENA VIDA IN WESTERN HILLS, INC., Appellee.**

No. 2–92–267–CV.

Court of Appeals of Texas, Fort Worth.

June 16, 1993.

Tom Quinones, Fort Worth, for appellant.

A. Bruce Wilson, Lane–Ray–Getchell–Wilson, Fort Worth, for appellee.

Before FARRIS, LATTIMORE and WEAVER, JJ.

## OPINION

FARRIS, Justice.

Frances C. Wohler, individually and in her capacity as trustee of the Frances C. Wohler Trust, appeals by writ of error the default judgment entered in favor of La Buena Vida in Western Hills, Inc. (La Buena Vida). Wohler argues the judgment is void because service of citation was defective and because the petition contains no claim against the Trust. Because the return of citation was sufficient to support the default judgment, because the petition supports the judgment, and because citation issued to Wohler individually and as trustee, we overrule Wohler's points of error and affirm the judgment of the trial court.

La Buena Vida requests we sanction Wohler for filing this application for writ of error because she accepted the benefits under the judgment. See Tex.R.App.P. 84. Because we find Wohler did not accept the benefits under the judgment and did not file this writ for the purpose of delay or without sufficient cause, we deny La Buena Vida's request.

La Buena Vida is the homeowners association for the Sabre Addition, Fort Worth, Texas. It assesses and collects annual charges to maintain the Addition and has a lien against each of the lots to secure payment.

Wohler owned one of these lots and she defaulted on her payments. La Buena Vida sued to foreclose its lien on her property, and obtained a default judgment because Wohler did not appear in or answer the suit.

Venture Capital purchased the property at the sheriff's sale for $7,000.00. After the district clerk paid La Buena Vida's lien and costs, the sum of $2,314.77 remained. The district clerk paid this remainder to the order of Frances C. Wohler, Trustee and Frances C. Wohler negotiated it.

In her first point of error, Wohler complains the return citation does not state *the manner by which* service was made as required by Tex.R.Civ.P. 107. To support her complaint, Wohler cites *Curry Motor Freight v. Ralston Purina Co.*, 565 S.W.2d 105, 106–07 (Tex.Civ.App.—Amarillo 1978, no writ), in which the court found the following return of citation defective:

Came to hand the 2 day of December, 1976, at 9:00 o'clock a.m. and executed on the 2 day of December, 1976, at 3:15 o'clock p.m. at Amarillo, in Potter County, Texas, by *delivering to* the within named *Garnishee Curry Motor Freight: by serving Mr. Fred Hall* (vice-president) in person a true copy of this writ, having first endorsed thereon the date of delivery. [Emphasis added.]

*Id.* at 106.

This return was defective because stating the officer executed process *"by serving Mr. Fred Hall"* is a legal conclusion which does not comply with Rule 107. *Id.* Although the statement "by *delivering to* ... *Garnishee Curry Motor Freight"* technically shows a manner of service, it is defective because Curry Motor Freight is not a person capable of accepting such process.

█ In the current case the officer's return states:

Received this Citation on the 3rd day of Feb, 1992 at 3:00 o'clock p.m.; and executed at 3803 Link Meadow within the county of __, State of Texas at 3:50 o'clock p.m. on the 3rd day of Feb, 1992 by *delivering to* the within named (Def.): *Francis* [sic] *C. Wohler defendant(s)*, a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION, having first endorsed on same the date of delivery; by serving Frances C. Wohler, 3803 Link Meadow Dr., Aledo, Tx. [Emphasis added.]

Unlike that in *Curry Motor*, this return contains a statement that specifies the manner of service and references a party capable of receiving it. That statement is, *"delivery* to the within named (Def.): *Frances C. Wohler* defendants...." Point of error one is overruled.

In her second and third points of error, Wohler contends the judgment is not effective against the Trust because the petition contains no allegations against it and the Trust was not properly served.

■ Contrary to Wohler's contention, the petition does contain a claim against the Trust. The petition reads:

TO THE HONORABLE JUDGE OF SAID COURT:

LA BUENA VIDE [sic] IN WESTERN HILLS, INC., Plaintiff, complains of FRANCES C. WOHLER, *INDIVIDUALLY AND AS TRUSTEE OF THE FRANCES C. WOHLER TRUST*, Defendant and *for causes of action* shows:

### I.

Plaintiff is a Texas corporation with its principal place of business in Tarrant County, Texas. Defendant, FRANCES C. WOHLER, is an individual *who may be served* at 3803 Linkmeadow Drive, Aledo, Tarrant County, Texas, 76008. [Emphasis added.]

### II.

Defendant is the owner of one certain lot, partial, and tract land described as Lot 22, Block 1, Sabre Addition to the city of Fort Worth, according to Plat recorded in Volume 388–89, Page 26, Plat Records Tarrant County, Texas. Said property is subject to a Declaration of Covenants, Conditions and Restrictions for the Sabre Addition recorded in volume 5576, Page 978 of the Deed Records of Tarrant County, Texas. Under the Declaration of Covenants, Conditions and Restrictions, La Buena Vida in Western Hills, Inc. is the entity with authority to collect assessments and enforce liens.

. . . . .

### III.

Pursuant to the terms of the Declaration ... Defendant is obligated to pay monthly assessments to the Plaintiff.... As of November 15, 1991, Defendant was nineteen (19) months in arrears on pay-ing monthly assessments for a total of one thousand seven hundred ten dollars and no/100 ($1,710.00)....

In its introductory paragraph, La Buena Vida defines the term defendant to include Frances C. Wohler, individually *and* as trustee of the Frances C. Wohler Trust. By usual rules of construction, further references in this pleading to the term defendant embody this definition, absent an indication to the contrary.

In paragraph III, La Buena Vida alleges defendant[1] is in arrears on her assessed payments. Given the declarations discussed in paragraph II, this failure to pay gives La Buena Vida the right to pursue foreclosure of its lien. This is a valid claim against Wohler individually and as trustee.

■ Wohler claims the Trust was not properly served because the citation indicates it was served upon Frances C. Wohler and the petition states "Frances C. Wohler, is an individual who may be served at...." Because the citation was addressed to Frances C. Wohler, individually and as trustee, and because the petition discloses a cause of action against Wohler in both capacities, we hold service upon Frances C. Wohler was sufficient to effect service upon her individually and as trustee.

■ Wohler also contends the judgment cannot stand because the beneficiaries of the Trust are necessary parties and they should have been given notice. In *Mason v. Mason*, 366 S.W.2d 552, 554 (Tex.1963), the Supreme Court held beneficiaries are not necessary parties to any action against the Trustee unless the Trustee clearly has an adverse interest to the beneficiaries.

In this case, the beneficiaries are not necessary parties because their interests are not antagonistic to that of the Trustee. La Buena Vida foreclosed a lien which had encumbered the property long before it became trust property. None of the beneficiaries could have established the Declaration of Covenants, Conditions and Restric-

---

1. Because there is no indication to the contrary, this reference to defendant includes FRANCES C. WOHLER, INDIVIDUALLY AND AS TRUSTEE OF THE FRANCES C. WOHLER TRUST.

tions did not apply to the property. Points of error two and three are overruled.

Before we can assess damages under Rule 84 as La Buena Vida requests, we must find the appeal was taken for delay and without sufficient cause. *Jones v. Colley,* 820 S.W.2d 863, 867 (Tex.App.—Texarkana 1991, writ denied). After reviewing the record and Wohler's arguments, we hold sanctions are not warranted.

Judgment affirmed.