**Phyllis PRICE, as Trustee of the Melba Depriest King Trust, Appellant,**

v.

**Gloria DEAN, Appellee.**

**No. 13–97–783–CV.**

Court of Appeals of Texas, Corpus Christi.

April 8, 1999.

R.L. Mays, Jr., San Antonio, for appellant.

Calvin W. Scholz, Douglas Alan Hinchcliff, Rockport, for appellee.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## OPINION

Opinion by CHAVEZ, Justice.

Appellant Phyllis Price, in her capacity as trustee of the Melba Depriest King Trust (the "Trust"), appeals from a default judgment entered against the Trust and in favor of appellee, Gloria Dean. By her eighth issue, appellant argues that service of process was deficient. We hold that service was deficient because the return of service failed to name the defendant, and we reverse and remand for further proceedings.

A default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the law. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *Regalado v. State*, 934 S.W.2d 852, 853 (Tex.App.—Corpus Christi 1996, no writ). There are no presumptions in favor of valid issuance, service, and return of citation in the face of an attack on a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985). A default judgment is improper against a defendant who has not been served in strict compliance with the law, even if he has actual knowledge of the lawsuit. *Wilson*, 800 S.W.2d at 837.

Specifically, appellant argues that appellee failed to comply with Texas Rule of Civil Procedure 106, therefore, the court never acquired jurisdiction over either the trustee or the trust. We agree. In two of the citations issued in this case, one was issued to "Phyllis Price, Individually" and the second was issued to "Phyllis Price, Trustee of the Melba Depriest King Trust." The sheriff's returns, attached to the citations, indicate that in both instances, process was served by delivering to "Phyllis Price." Although the return of service on the second citation indicates that it was served on Price, it does not indicate that Price was served in her capacity as trustee for the trust and it also fails to identify the Melba Depriest King

Trust as the defendant.[1] A return of service in this form does not establish that the defendant was served. *Verlander Enters., Inc. v. Graham,* 932 S.W.2d 259, 261 (Tex.App.—El Paso 1996, no writ).

Texas cases have held that the failure to identify the relationship between the individual who received process and the defendant identified in the default judgment will render service improper. *See id.* (default judgment is not supported where return of service shows "Jim Gore" was served rather than Verlander through its vice-president, Jim Gore); *Cox Mktg., Inc. v. Adams,* 688 S.W.2d 215, 217 (Tex.App.—El Paso 1985, no writ) (citation to "Cox Marketing, Inc. by serving Bobby Cox" insufficient when Bobby Cox not shown to be person upon whom process could be served); *Jacksboro Nat'l Bank v. Signal Oil & Gas. Co.,* 482 S.W.2d 339, 341 (Tex. Civ.App.—Tyler 1972, no writ) (delivery to "Jacksboro National Bank, by serving S.V. Stark" insufficient when S.V. Stark's relationship to bank not explained).

Appellee urges this Court to consider *Wohler v. La Buena Vida in W. Hills,* 855 S.W.2d 891 (Tex.App.—Fort Worth 1993, no writ), for the proposition that service was adequate in this case. However, the issue before the *Wohler* court relating to return of service dealt only with the question of whether the return had stated the manner of service as required by civil procedure rule 107. *Id.* at 892. Whether the defendant was properly identified in the return was not challenged on appeal. To the extent that *Wohler* may be interpreted as inconsistent with our holding in this case, we decline to follow it.

Therefore, we find the trial court erred in entering the default judgment against the Melba Depriest King Trust. We sustain appellant's eighth issue and need not address the remaining issues as they are not dispositive of this appeal. Tex.R.App. P. 47.1.

The judgment of the trial court is REVERSED and we REMAND this case for further proceedings consistent with this opinion.

---

1. The default judgment clearly indicates that the judgment is rendered against the defendant, the Melba Depriest King Trust, and not against Phyllis Price.