NO. 07-07-0488-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 20, 2008

_____

PATTON CHILDREN'S TRUST, APPELLANT

V.

BILLIE HAMLIN, ELMER CRISWELL, BRUCE SISK, TONY SOTO, JR.,

STEVE STEFFE, and GABRIEL RODRIGUEZ, APPELLEES

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A32568-0301; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before QUINN, C.J., and PIRTLE, J. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant, Patton Children's Trust (PCT), appeals from a default judgment entered

against it and in favor of Appellees, Billie Hamlin, Elmer Criswell, Bruce Sisk, Tony Soto,

_____

[1]John T. Boyd, Chief Justice (Ret.) sitting by assignment.

Jr., Steve Steffe, and Gabriel Rodriguez (Landowners) in their declaratory judgment action. By five points of error, PCT alleges the trial court erred by (1) finding the Landowners had standing to bring their cause, (2) granting Landowners' request for a temporary injunction in the absence of any irrevocable injury, (3) entering a default judgment against it, (4) finding there was no attorney with authority to represent it and by striking its pleadings, and (5) finding Gerald Ulmer was not its trustee. We reverse and remand.

**Background**

This case concerns the respective rights of the parties to a forty-four acre tract of land in Hale County, Texas (hereinafter "the property"). Landowners own land adjacent to the property. The property consists of railroad property formerly owned by the Floydada & Plainview Railroad Company (F&PRR). When F&PRR failed to pay taxes on the property, Gerald Ulmer negotiated with F&PRR to pay the taxes in exchange for a deed to the property. In 2002, F&PRR executed a special warranty deed purporting to transfer the property to PCT. For reasons that are not fully explained in the record, nor relevant to this decision, that deed was predated to November 1, 1995, and referred to Scott Say as PCT's trustee. The deed was recorded on August 13, 2002, at Vol. 988, Img. 3432 of the Official Public Records of Hale County, Texas. PCT claims title to the property through that deed.

On January 13, 2003, Landowners brought this suit seeking a declaratory judgment finding the deed invalid and that Ulmer and PCT had no justiciable interest in the property.

2

Landowners further sought to enjoin Ulmer and/or PCT representatives from exercising any dominion and control over the property. Landowners served Ulmer in his individual capacity and Say as PCT's trustee.

Say subsequently filed an answer pleading a general denial, a verified denial indicating he never served as PCT's trustee, and requested he be dismissed from the suit. Say attached an affidavit indicating he had represented Ulmer, had knowledge of PCT's existence, did not agree to be PCT's trustee, and was unfamiliar with the terms of PCT's trust documents. He also indicated that the deed's statement identifying him as PCT's trustee was erroneously made by "a person in Illinois who was hired to secure execution of the document."

On March 14, 2003, the trial court entered a temporary injunction enjoining the Trust and Ulmer from committing certain acts. The effectiveness of the temporary injunction was conditioned on Landowners posting a $10,000 bond. Neither party sought an interlocutory appeal of the order, and the time for doing so elapsed.

Later in March, Ulmer responded to Landowner's first request for interrogatory answers indicating he was "the Trustee of the trust, and duly authorized to act on the Trust's behalf." He indicated Marvin Brakebill, the attorney who drafted the original trust documents, passed away and the trust's documents were in the possession of Brakebill's estate. Ulmer also indicated that the property described in the deed as well as other property was being held by PCT for the benefit of Ulmer's stepchildren. In response to

3

Landowners' requests for admission, Ulmer admitted Say had never been PCT's trustee and denied he was "not a Trustee of the Trust," i.e,. admitted he was PCT's trustee.

In April 2003, Landowner's filed a motion for default judgment against PCT alleging neither Say nor PCT had appeared after being served. Shortly thereafter, Ulmer's attorney, Jeffrey H. Conner, filed a second answer on PCT's behalf.

In January 2005, Landowners filed their $10,000 bond. In June, they also filed a "verified motion for attorney to show authority" pursuant to Rule 12 of the Texas Rules of Civil Procedure[2] asking that the trial court require Conner to establish his authority to act on PCT's behalf. Landowners continued to assert that service on Say was service on PCT because Say was identified as PCT's trustee in the deed.

On July 7, 2005, Ulmer filed a declaratory judgment action in district court in Lubbock, Texas, styled: *In re Patton Children's Trust,* No. 2005-531, 370 (99th Dist. Ct., Lubbock County). Ulmer's action sought a construction of the trust and declaration of the trustee's powers under the trust. PCT's corpus contained real estate located in Crosby, Lubbock, and Hale Counties, and was administered in Lubbock County. Ulmer's petition alerted the Lubbock court to Landowner's pending declaratory judgment action in Hale County challenging PCT's existence as well as Ulmer's ability and capacity to represent the trust in the suit. Ulmer informed the Lubbock court that, by way of declaratory

[2]Throughout the remainder of this opinion, we will refer to Rule 12 of the Texas Rules of Civil Procedure simply as "Rule 12."

4

judgment, he sought to "have a court of competent jurisdiction declare the nature of the trust as well as the rights, privileges, and obligations of the Trustee of the trust."

On August 3, Judge Cherry of the 99th District Court of Lubbock County, issued an order declaring that Ulmer created PCT acting as settlor and served as it's trustee since PCT's inception in March 1992.[3] *In re Patton Children's Trust,* No. 2005-531, 370 (99th Dist. Ct., Lubbock County, Tex. August 3, 2005). Among other findings, Judge Cherry found a search of Brakebill's papers and effects held by his estate failed to locate PCT's trust documents, Ulmer was PCT's trustee with the power to retain professionals to assist him, and PCT had in fact retained Conner to represent PCT in legal proceedings related to the trust and its assets.

On August 12, a hearing was held in the 64th District Court of Hale County, in the underlying proceeding, on Landowner's Rule 12 motion and motion for a default judgment against PCT. Ulmer was the sole witness. He testified he was PCT's trustee since its inception. He further testified that, although he had not been served by Landowners as PCT's trustee, he retained Conner to represent PCT and instructed Conner to file an answer on PCT's behalf. Judge Cherry's order was introduced as evidence that Ulmer was

---

[3]The court based its jurisdiction on sections 37.003 and 37.005 of the Texas Civil Practices & Remedies Code. The court also found venue proper because the situs of PCT's administration was Lubbock County, and the trust owned and administered property located in Lubbock County. *See* Tex. Prop. Code Ann. § 115.002 (Vernon 2007).

PCT's trustee with authority to retain counsel and that, in fact, Ulmer had retained Conner to represent PCT.

On August 19, 2005, the trial court held that Conner failed to meet his burden of proof of establishing his authority to represent PCT under Rule 12, ordered that Conner not appear on PCT's behalf, and struck the answer filed by Conner on PCT's behalf. As a result, the trial court deemed the allegations in Landowners' petition to be admitted. The trial court then entered a default judgment against PCT finding that the trust failed to appear and answer.

On October 26, 2005, at PCT's request, the trial court issued findings of fact and conclusions of law which found, in part, that: (1) Say was served with Plaintiff's petition, in the alleged capacity as PCT's trustee, on January 17, 2003, (2) Say filed a verified answer indicating he was not liable in the capacity served, (3) Conner filed an answer on behalf of PCT on April 30, 2003, (4) on June 29, 2005, Landowners filed a verified Motion for Attorney to Show Authority, (5) on August 3, 2005, the 99th District Court, Lubbock County, entered a declaratory judgment declaring that Ulmer was the trustee of PCT, and (6) Say has never been trustee of PCT.

**Discussion**

Addressing PCT's points in a logical rather than sequential order, we will begin with issue five.

6

**Point of Error Five - Ulmer's Status as Trustee**

By its fifth point of error, PCT contends the trial court erred because there was no evidence or, in the alternative, there was insufficient evidence to support the trial court's finding that "anyone other than Ulmer was the trustee of the Trust." Although unartfully worded, we construe this point as contending that the trial court erred by finding that Ulmer was not the trustee. The trial court made no such finding. Furthermore, even if we liberally construe PCT's point of error as attacking the trial court's finding that someone other than Ulmer was trustee, we reach the same conclusion because the trial court did not make that finding either. Because the trial court did not make a finding consistent with any construction of PCT's fifth point of error, that point of error is overruled.

**Point of Error 4 - Rule 12 Motion - Striking of Pleading**

By its fourth point of error, PCT contends the trial court erred by striking the original answer filed on behalf of the trust by Jeffrey Conner pursuant to Rule 12. We review the trial court's granting of a Rule 12 motion for abuse of discretion. *Air Park-Dallas Zoning Committee v. Crow Billingsley Airpark, Ltd.,* 109 S.W.3d 900, 907 (Tex.App.–Dallas 2003, no pet.); *City of San Antonio v. River City Cabaret, Ltd.,* 32 S.W.3d 291, 293 (Tex.App.–San Antonio 2000, pet. denied). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, *In re Cerberus Capital Management, L.P.,* 164 S.W.3d 379, 382 (Tex. 2005), and/or

7

there is a clear failure by the trial court to correctly analyze or apply the law. *In re Jobe,* 42 S.W.3d 174, 178 (Tex.App.–Amarillo 2001, orig. proceeding).

Rule 12 permits a party to argue before the trial court that a lawsuit is being prosecuted or defended without authority. At a Rule 12 hearing, the challenged attorney has the burden of proving sufficient authority to prosecute or defend the suit on behalf of his client. *Id*. If the challenged attorney fails to meet his burden of proof, the trial court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears. *Id*.

Typically, in response to a Rule 12 motion, an attorney satisfies his or her burden to establish their authority to prosecute or defend a suit through an affidavit from the client indicating the attorney was retained to provide representation in the case, and/or through testimony of the attorney. *See, e.g., Boudreau v. Federal Trust Bank*, 115 S.W.3d 740, 742 (Tex.App.–Dallas 2003, pet. denied) (attorney's burden satisfied by affidavit and testimony), *Spigener v. Wallis,* 80 S.W.3d 174, 184 (Tex.App.–Waco 2002, no pet.) (affidavit and testimony). Here, the disputed issue was not whether Conner had been retained by PCT to commence representation, the issue was whether Ulmer was authorized to request that representation on behalf of the trust.

At the Rule 12 hearing Ulmer was the only witness. He testified Say had never served as PCT's trustee. He further testified he created PCT in 1992, served as its trustee since inception, retained Conner to file the answer on PCT's behalf, and that Conner's

8

retention was ongoing. In addition to Ulmer's testimony, the trial court received into evidence a copy of the *Order Granting Plaintiff's Petition for Declaratory Judgment,* wherein a Lubbock County District Court issued a declaratory judgment that Ulmer was PCT's trustee since its inception, had the power to retain attorneys, and had retained Conner to represent PCT in "legal proceedings relating to the trust and trust assets."

In response, the Landowners contend Ulmer's failure to volunteer that he was PCT's trustee at a January 2003 hearing or in a brief also filed in January 2003, is conclusive evidence Conner was without authority to represent PCT at any time in the proceedings. However, in January 2003, Ulmer had been served solely as an individual and the trust had been served by serving Say, a person the trial court ultimately found had never been trustee. At that time, neither Ulmer nor the trust had ever been asked or served with discovery requesting the identity of PCT's trustee. In March 2003, Ulmer timely responded to Landowners' discovery requests stating he was PCT's trustee, duly authorized to act on PCT's behalf, and that Say had never served as PCT's trustee.

The Landowners further assert that, as a matter of law, Ulmer is estopped from claiming he had the authority to act on behalf of the trust because he was aware Say was identified as PCT's trustee in the deed when it was filed. Estoppel by deed stands for the general proposition that "all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance,

9

and binding both parties and privies; privies in blood, privies in estate, and privies in law."

*Angell v. Bailey*, 225 S.W.3d 834, 841 (Tex.App.–El Paso 2007, no pet.).

The general rule in Texas is that recitals in a deed are binding only when the parties or their privies thereto claim under such deed. *Lambe v. Glasscock*, 360 S.W.2d 169, 172-73 (Tex.Civ.App.–San Antonio 1962, writ ref'd n.r.e.). Strangers to a deed, like the Landowners here, have no right to establish title by recitals in such deed. *Angell,* 225 S.W.3d at 840. Moreover, while a deed may furnish evidence of the recited fact, it may not be competent evidence of the recited fact as between a party to the deed and a stranger. *See* 30 Tex.Jur.3d *Deeds* § 135 (1998). In making a determination whether estoppel should apply, the court must "focus on the intention of the parties to the instrument and ask whether the parties intended to bind themselves to the terms of the recital at issue." *Angell,* 225 S.W.3d at 842. Here, Landowners were neither parties nor privies to the deed.[4] Neither was Ulmer a party to the deed and the only evidence of the parties' intent

---

[4]The cases cited by Landowners are inapposite because they involve litigation between either parties or privies to the deed or instrument sought to be enforced. In *Cope v. Blount,* 99 Tex. 431, 90 S.W. 868 (1906), the dispute was between persons in privy with the deed's grantor and grantee. *Id.* at 868-69. In *Kuklies v. Reinert,* 256 S.W.2d 435 (Tex.Civ.App.–Waco 1953, writ ref'd n.r.e.), both the plaintiffs and defendants were parties to a Gas Division Order and Operating Agreement and, by complying with the terms of the Agreement, defendants were estopped from denying plaintiffs' ownership interests set forth therein. *Id.* at 444-45. In *Parker v. Campbell,* 21 Tex. 763, 1858 WL 5561 (1858), the defendant, a surety, was estopped from denying that the bonded party was a guardian when he issued the bond to the bonded party as guardian. *Id.* at *1-2. *Parker* is inapposite because it does not involve a deed and the surety drafted the bond. Here, Ulmer neither drafted nor filed the deed, and, other than the representation in the deed, there is no independent evidence Say is PCT's trustee. In fact, the evidence is to the contrary.

in the record is Say's affidavit indicating the parties did not intend to be bound to the reference.

In addition, a "recital" in a deed is a formal statement used to explain the reasons upon which the transaction is based, *Angell*, 225 S.W.3d at 842; *EMC Mortg. Corp. v. Davis,* 167 S.W.3d 406, 415 n.5 (Tex.App.–Austin 2005, pet. denied), and sets forth "some matter of fact." *McMahan v. Greenwood*, 108 S.W.3d 467, 484 (Tex.App.–Houston [14th Dist.] 2003, pet. denied) (quoting Black's Law Dictionary 1270 (6th Ed. 1990)). *See also Angell*, 225 S.W.3d at 842. The deed's reference to Say as PCT's trustee is neither a statement of fact nor a recital explaining the reasons underlying the property's transfer from F&PRR to the trust. At best, the reference to Say as trustee may be some evidence of his status if properly introduced, *Bennett v. Romos,* 151 Tex. 511, 252 S.W.2d 442, 445-46 (1952), but the reference does not work as an estoppel against Ulmer. Moreover, given Say's affidavit and Ulmer's testimony that the reference was a mistake in drafting committed by a third party in Illinois, the reference is of questionable evidentiary value.

Based upon the Lubbock County District Court's order declaring that Ulmer was PCT's trustee since its inception, Ulmer's sworn statements in response to Landowners' discovery requests that he is PCT's trustee, and his testimony at the August 12 hearing that he has been PCT's trustee since its inception, we find Ulmer was authorized to request legal representation on behalf of the trust. Accordingly, we find that the trial court's finding that Conner failed to meet the burden of proof necessary for continued representation in

11

face of a Rule 12 motion[5] to be an abuse of discretion.   Accordingly, PCT's fourth point of error is sustained.

### Point of Error 3 - Default Judgment

Before granting a default judgment, a trial court has a mandatory duty "to ascertain and determine that [1] the defendant has been duly served with citation and [2] that he does not have an answer on file." *AAA Navi Corp. v. Parrot-Ice Drink Products of America, Ltd.*, 119 S.W.3d 401, 402 (Tex.App.–Tyler 2003, no pet.); *Autozone, Inc. v. Duenes,* 108 S.W.3d 917, 920 (Tex.App.–Corpus Christi 2003, no pet.).  To sustain a default judgment, a plaintiff in the trial court must strictly comply with the rules relating to the issuance of citation, the manner and mode of service, and the return of process.  *Vespa v. National Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex.App.–Fort Worth 2003, no pet.); *Laidlaw Waste Systems, Inc. v. Wallace,* 944 S.W.2d 72, 73-74 (Tex.App.–Waco 1997*,* pet. denied). Normal presumptions favoring valid issuance, service, and return of citation do not apply. *Vespa*, 98 S.W.3d at 751.  Moreover, a default judgment is improper against a defendant who has not been served in strict compliance with the law, even if he has actual knowledge of the lawsuit.  *Price v. Dean*, 990 S.W.2d 453, 454 (Tex.App.–Corpus Christi 1999, no pet.).

---

[5]We note that the *Findings of Fact and Conclusions of Law* filed by the trial court following the Rule 12 hearing contains no finding that Conner failed to show sufficient authority to defend the suit on behalf of the trust.  Notwithstanding this omission, such a finding is contained in the August 19th order.

Furthermore, it is well settled that a trial court commits reversible error when it enters a default judgment after the defendant has filed an answer. *Padrino Maritime, Inc. v. Rizo*, 130 S.W.3d 243, 246 (Tex.App.–Corpus Christi 2004, no pet.); *In re $475,001.16,* 96 S.W.3d 625, 627 (Tex.App.–Houston [1st Dist.] 2002, no pet.); *Terehkov v. Cruz,* 648 S.W.2d 441, 442 (Tex.App.–San Antonio 1983, no writ); *Corsicana Ready Mix v. Trinity Metroplex Division, General, Portland, Inc.*, 559 S.W.2d 423, 424 (Tex.Civ.App.–Dallas 1977, no writ). A defendant has the right to file an answer at any time before a judgment by default. *$429.30 In U.S. Currency v. State,* 896 S.W.2d 363, 365 (Tex.App.–Houston [1st Dist.] 1995, no writ); *Dowell Schlumberger, Inc. v. Jackson,* 730 S.W.2d 818, 819 (Tex.App.–El Paso 1987, writ ref'd n.r.e.).

We review the granting of a default judgment for an abuse of discretion.[6] *Agraz v. Carnley*, 143 S.W.3d 547, 551 (Tex.App.–Dallas 2004, no pet.). We do not indulge the usual presumption of the validity of the judgment; *Lorentzen v. Kliesing*, 810 S.W.2d 16, 18 (Tex.App.–Houston [14th Dist.] 1991, no writ); *see* 5 Tex.Jur.3d *Appellate Review* § 544 (1999), and "[e]very step of the proceeding from process to final judgment is open to examination." *Id.* at § 582. Moreover, in a post-answer default judgment situation, the plaintiff is required to prove all aspects of his case even though the defendant fails to

---

[6]Landowners contend that the appropriate standard of review for evaluating whether the trial court erred by entering a default judgment is set forth in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (Tex. 1939). *Craddock* does not apply in this case because PCT had an answer on file. The analysis set forth in *Craddock* applies when the defendant seeks to set aside a default judgment because their *failure to file* an answer was due to accident or mistake. *Id.* at 393.

13

appear at trial. *Karl and Kelly Company, Inc. v. McLerran*, 646 S.W.2d 174, 175 (Tex. 1983) (judgment cannot be entered on the pleadings).

The entry of a default judgment in this case was error for either of two reasons. Either the Landowners never had proper service on PCT and therefore the trust was never subject to the jurisdiction of the trial court, or PCT voluntarily appeared through Conner's answer filed on behalf of the trust, and that answer was improperly stricken.

Say filed an answer in response to Landowners' petition which included a general denial. Despite Say's attached affidavit stating he was not PCT's trustee and Ulmer's sworn disclosures that he was PCT's trustee, Landowners did not seek a determination of Say's status in relation to PCT, nor did they urge a ruling on Say's request that he be dismissed. Ultimately, the trial court found that Say never was PCT's trustee. Therefore, service of process on Say could never satisfy the jurisdictional requirement of service of process. Based upon this record, service on Say was insufficient to support a default judgment. *See Price*, 990 S.W.2d at 454.

Alternatively, the trust appeared voluntarily when Conner filed PCT's second answer, dispensing with the necessity for the issuance of service of citation on the true trustee. *See* Tex. R. Civ. P. 121. *See also Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006). Although Landowners later challenged Conner's authority to file the answer (a challenge which we have rejected above), they cannot have it both ways. They cannot say Conner had the authority to file an answer subjecting the trust to the jurisdiction

14

of the court on the one hand and then take a totally inconsistent position by saying Conner had no authority to defend the suit on the other.  Furthermore, they did not except to the answer itself.  *See generally Roark v. Allen,* 633 S.W.2d 804, 809-10 (Tex. 1982); *Texas Farmers Ins. Co. v. Cameron,* 24 S.W.3d 386, 398 (Tex.App.–Dallas 2000, pet. denied) (failure to specially except to a pleading waives any defect in the pleading).  PCT's second answer superceded its first answer; *see* Tex. R. Civ. P. 62 and 65, and was filed prior to the trial court's default judgment.  Accordingly, the trial court committed reversible error by entering a default judgment against PCT after PCT had an answer on file.

Landowners' contention that PCT's second answer did not identify its trustee is of no moment.  The fact that the defendant's "answer" omits certain formalities required by the rules of procedure does not render that answer insufficient to prevent a default judgment.  *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.,* 737 S.W.2d 55, 56-57 (Tex.App.–San Antonio 1987, no writ).  The proper practice is for plaintiff to except to the answer or move to strike before taking a default judgment for want of an answer.  *Id.* at 576.

PCT's third point of error is sustained.  Disposition of PCT's remaining issues are pretermitted.[7]

---

[7]Tex. R. App. P. 47.1.

**Conclusion**

Accordingly, the default judgment is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice
