

NUMBER 13-08-00676-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LANDMARK ORGANIZATION, L.P.,**                                    **Appellant,**

**v.**

**SUNBELT AIR CONDITIONING AND
REFRIGERATION SERVICE, INC.,**                              **Appellees.**

---

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Chief Justice Valdez

Appellant, Landmark Organization, L.P. ("Landmark"), brings this restricted appeal complaining about a no-answer default judgment entered in favor of appellee, Sunbelt Air Conditioning & Refrigeration Service, Inc. ("Sunbelt"). *See* TEX. R. APP. P. 30. By two issues, Landmark contends that the trial court erred in entering the no-answer default

judgment because the face of the record: (1) fails to demonstrate that Landmark was properly served by Sunbelt; and (2) shows that the return of service did not comply with Texas Rule of Civil Procedure 107, primarily the provisions requiring the return of service to be signed, verified, and filed with the trial court ten days prior to the default judgment hearing. *See* TEX. R. CIV. P. 107. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying dispute pertains to a contract between Sunbelt, a subcontractor, and Landmark, a general contractor, wherein Sunbelt agreed to provide labor and materials for the installation of heating, ventilation, and air conditioning systems for three schools in the Weslaco Independent School District. On June 5, 2007, Sunbelt filed its original petition asserting a breach of contract cause of action, among other claims, against Landmark. In its original petition, Sunbelt asserted that Landmark had agreed to pay Sunbelt $1,828,600 for materials and labor associated with the projects and that Landmark had not paid Sunbelt $91,430 for labor and materials provided to the projects.[1]

Prior to the filing of its original petition, counsel for Sunbelt sent a letter to the Hidalgo County District Clerk's Office requesting "one copy of process for service" to be issued to "Landmark Organization, L.P. for service upon its registered agent, W. Lee Choate, 93 Red River, Austin, Texas 78701, for service by certified mail, return receipt requested." A citation of service was mailed to Landmark's registered agent on June 7, 2007, by certified mail, return receipt requested. The record contains a form issued by the United States Postal Service indicating that the citation of service: (1) was delivered to "93

---

[1] Sunbelt also requested reasonable attorney's fees in its original petition.

2

Red River" on June 11, 2007; and (2) was signed for by "M. Krier."

Despite Sunbelt's service efforts, Landmark did not timely file an original answer to Sunbelt's June 5, 2007 original petition. Thus, on June 19, 2008, Sunbelt filed a motion for default judgment and a motion to retain the case on the trial court's docket.[2] The trial court held a hearing on Sunbelt's motions and subsequently granted Sunbelt's motion for default judgment.[3] In its final default judgment signed on June 19, 2008, the trial court awarded Sunbelt $91,430 in damages and $2,500 in attorney's fees.

Subsequently, on October 7, 2008, Landmark filed an original answer in the trial court generally denying all of the allegations contained in Sunbelt's original petition.[4] Landmark's original answer was filed by attorney Wanda J. Harkness, whose address is 406 Sterzing Street, Austin, Texas 78704. Later, Landmark filed a motion to substitute counsel, W. Lee Choate and Susan A. Swete, for Harkness. In its motion to substitute counsel, Landmark indicates that the address for Choate and Swete is: "93 Red River[;] Austin, Texas 78701." The trial court granted Landmark's motion to substitute counsel. Shortly thereafter, Landmark timely filed its notice of restricted appeal. *See* TEX. R. APP. P. 25.1(d)(7), 26.1(c), 30.

## II. RESTRICTED APPEAL

To attack a trial court's judgment by restricted appeal, Landmark must show that:

---

[2] Sunbelt filed its motion to retain the case on the trial court's docket because it had been informed by the trial court that the case was subject to dismissal for want of prosecution given that more than a year had elapsed since Sunbelt filed its original petition on June 5, 2007, with no further action having been taken in the case.

[3] A copy of the reporter's record from the default judgment hearing is not included in the record before us, and the record does not reflect that the trial court explicitly ruled on Sunbelt's motion to retain. In any event, Landmark does not complain about that motion in this appeal.

[4] Landmark alleges on appeal that it first learned of Sunbelt's lawsuit when Sunbelt attempted to enforce its default judgment. Upon learning about the lawsuit, Landmark filed its original answer in the trial court.

(1) a notice of appeal was filed within six months of the date the complained-of judgment was signed; (2) Landmark was a party to the suit who did not participate in the hearing that resulted in the judgment or order; (3) Landmark did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under Texas Rule of Appellate Procedure 26.1(a)[5]; and (4) the complained-of error is apparent from the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *see also Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi 2007, no pet.).

Landmark, a named party to the suit, filed its notice of appeal within six months of the date that the trial court signed the order granting Sunbelt's default judgment. While we do not have a reporter's record of the default judgment hearing, the trial court noted in its final default judgment that: "The Defendant [Landmark], although having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default." Further, the record does not reflect that Landmark filed any post-judgment motions, requests for findings of fact and conclusions of law, or a timely notice of appeal within the context of rule 26.1(a). *See* TEX. R. APP. P. 26.1(a). Finally, as addressed below, the complained-of error—a defect in the service of citation—is apparent from the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (stating that the face of the record, for purposes of restricted appeals, consists of all the papers on file in the appeal). Thus, we conclude that Landmark has satisfied

---

[5] Rule 26.1(a) of the Texas Rules of Appellate Procedure provides that a notice of appeal must be filed within ninety days after the judgment has been signed if any party timely filed: (1) a motion for new trial; (2) a motion to modify the judgment; (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or (4) a request for findings of fact and conclusions of law if such a request was required by the rules of civil procedure or could properly be considered by the appellate court. *See* TEX. R. APP. P. 26.1(a). Here, Landmark did not file any motions or make any request outlined in rule 26.1(a). *See id.*

each element for obtaining relief through this restricted appeal.

## III. THE SERVICE DEFECT

In its first issue, Landmark argues that the trial court erred in granting default judgment because the record does not demonstrate that Landmark was properly served.[6] Specifically, Landmark asserts that Sunbelt's service attempt was defective because the service citation was signed for by an unknown "M. Krier," even though the record demonstrates that W. Lee Choate was Landmark's registered agent for service.

## A. Applicable Law

"Strict compliance with the rules for service of citation [must] affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Failure to comply with the rules governing service of citation constitutes error on the face of the record. *Id.* at 153 ("Proper service not being affirmatively shown, there is error on the face of the record, and the court of appeals erred in holding otherwise."); *see Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (per curiam). "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment." *Silver*, 884 S.W.2d at 152; *see Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007) (per curiam); *see also Maib v. Maib*, No. 13-08-00413-CV, 2009 Tex. App. LEXIS 4135, at *4 (Tex. App.–Corpus Christi June 11, 2009, no pet.) (mem. op.) (citing *Wachovia Bank of Del., Nat'l Ass'n v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007) (per curiam)). Rather, when a default judgment is entered, we will "rigidly enforce the rules governing service," because

"the only ground supporting the judgment is that the defendant has failed to

---

[6] Landmark filed its appellate brief in this matter on February 9, 2009. Sunbelt has not filed an appellee's brief.

5

respond to the action in conformity with the applicable procedure for doing so. If the defendant can then show that the person commencing the action was guilty of comparable nonconformity with procedure rules, under a principle of equality the derelictions offset each other . . . ."

*Festina*, 226 S.W.3d at 408 (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990)).

"Moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985).

Under rule 107, when a citation is served by registered or certified mail as authorized under rule 106, the return by the officer or authorized person must contain the return receipt with the addressee's signature. *See* TEX. R. CIV. P. 106, 107; *see also All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 726 (Tex. App.–Fort Worth 2003, no pet.). Several Texas courts have held that a domestic return receipt signed by a person not explicitly designated to receive service renders service invalid. *See Sw. Sec. Serv., Inc. v. Gamboa*, 172 S.W.3d 90, 93 (Tex. App.–El Paso 2005, no pet.) (concluding that service directed to a registered agent named "Jesus Morales" was invalid when signed for by "Guillermo Montes"); *All Commercial Floors, Inc.*, 97 S.W.3d at 727 (holding that a return receipt signed by "Mark," with an illegible last name, was invalid, given that Kelly Lynn Arreola was the individual designated to receive service for the defendant); *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.–San Antonio 1986, no writ) (concluding that a return receipt signed by Charlotte Young was invalid, when the name of the appointee designated to receive service for defendant was listed as Steve Woodman); *see also Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.–San Antonio 2001, pet. denied) (holding service of process defective when the return receipt was not signed

6

by the addressee); *Bronze & Beautiful, Inc. v. Mahone*, 750 S.W.2d 28, 29 (Tex. App.–Texarkana 1988, no writ) (holding service of process defective when the receipt card was signed by someone who was not the registered agent).

## B.    Discussion

As noted earlier, the return of service indicated that "M. Krier" was served with a copy of Sunbelt's original petition.  The record does not indicate who "M. Krier" is or whether this individual was authorized to accept service on behalf of Landmark.  Instead, the record clearly indicates that W. Lee Choate was authorized to accept service on Landmark's behalf; thus, the return of service does not demonstrate that service was effectuated on Landmark's authorized agent.  Furthermore, we may not presume that "M. Krier" was authorized to accept service on Landmark's behalf without evidence in the record supporting such a presumption.  *See* TEX. R. CIV. P. 107; *Silver*, 884 S.W.2d at 152; *Festina*, 226 S.W.3d at 407; *see also Maib*, 2009 Tex. App. LEXIS 4135, at *4.

Moreover, we cannot say that Sunbelt complied with the service rules by including Landmark's company name on the service of citation because a corporation is not a person capable of accepting process.  *See Wohler v. La Buena Vida in Western Hills, Inc.*, 855 S.W.2d 891, 892 (Tex. App.–Fort Worth 1993, no writ) (holding that delivery of citation is proper only when delivered to a party capable of receiving it); *see also All Commercial Floors, Inc.*, 97 S.W.3d at 727 (noting that "a corporation is not a person capable of accepting process, and it must be served through its agents").  Because the return of service does not demonstrate that Sunbelt served an authorized agent of Landmark, we conclude that Sunbelt has not complied with the rules of service set forth in the rules of civil procedure and, therefore, Sunbelt's attempt to serve Landmark was "invalid and of no

effect." *See* TEX. R. CIV. P. 107; *see also Uvalde Country Club*, 690 S.W.2d at 885; *Gamboa*, 172 S.W.3d at 93; *All Commercial Floors, Inc.*, 97 S.W.3d at 727; *Keeton*, 53 S.W.3d at 19; *Bronze & Beautiful, Inc.*, 750 S.W.2d at 29; *Katz*, 717 S.W.2d at 706. In light of the foregoing, we further conclude Sunbelt's failure to strictly comply with the rules governing service of citation constitutes error on the face of the record. *See Silver*, 884 S.W.2d at 153; *see also Lejeune*, 297 S.W.3d at 256. Accordingly, we hold that the trial court erred in granting default judgment in favor of Sunbelt. *See Lejeune*, 297 S.W.3d at 256; *Silver*, 884 S.W.2d at 153; *see also Alexander*, 134 S.W.3d at 848; *Fredricks*, 235 S.W.3d at 278. We sustain Landmark's first issue on appeal.

## IV. CONCLUSION

Because we have sustained Landmark's first issue, we need not address its second issue on appeal. *See* TEX. R. APP. P. 47.1. We therefore reverse the trial court's default judgment and remand for proceedings consistent with this opinion.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
15th day of July, 2010.