CITY OF SAN ANTONIO, Appellant,

v.

RIVER CITY CABARET, LTD., NAT-CO, Inc., W.A.T., Inc., Alamo City Hospitality, Inc., Jose Perales, Stephen Andrade, Gary Jenkins, Edmund Beck, and Jutta Beck, Appellees.

No. 04–00–00022–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 27, 2000.

Rehearing Overruled Dec. 20, 2000.

Dennis J. Drouillard, Asst. City Atty., Elsa Giron Nava, Asst. City Atty., San Antonio, for Appellant.

Manuel G. Escobar, Jr., Law Office of Manuel G. Escobar, Jr., San Antonio, Jennifer S. Riggs, Randall D. Terrell, Hill Gilstrap Adams & Graham, L.L.P., Austin, Robert N. Ray, Law Offices of Robert N. Ray, Inc., San antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

The trial court dismissed a nuisance suit filed by appellant, City of San Antonio (the City), against appellees, River City Cabaret, Inc., NATCO, Inc.,W.A.T., Inc., Alamo City Hospitality, Inc. (hereafter referred to collectively as the Cabaret), Jose Perales, Stephen Andrade, Gary Jenkins, Edmund Beck and Jutta Beck. The trial court found the city attorney did not meet his burden under TEX.R. CIV. P. 12 to show he was authorized to file the lawsuit on behalf of the City. The City argues on appeal the city attorney was authorized to file suit by TEX. CIV. PRAC. & REM.CODE §§ 125.002 & 125.022, and the City Charter, section 54. In the alternative, the City contends the suit should not have been dismissed because the city attorney's action was ratified by the city council in City Ordinance 90218, adopted in an open meeting on August 5, 1999. In a cross appeal, the appellees challenge the trial court's refusal to award attorneys' fees. We hold the trial court had no discretion to dismiss the lawsuit after the city attorney, properly authorized by City Ordinance 90218, appeared to prosecute the suit. We reverse the trial court's judgment and remand the cause for further proceedings.

### Background and procedural history

On June 16, 1999, the city attorney filed suit on behalf of the City of San Antonio, claiming River City Cabaret is a nuisance because it allows prostitution and drug dealing on the premises and seeking a temporary and permanent injunction of those activities under TEX. CIV. PRAC. & REM.CODE §§ 125.002 & 125.022 (Vernon 1987). The Cabaret and two individual defendants, Jenkins and Andrade, answered and moved to strike the City's petition under TEX.R. CIV. P. 12, arguing the city attorney did not have authority to file this particular suit on behalf of the City.[1]

On July 26, 1999, the trial court conducted a hearing and held the city attorney failed to show authority to file the lawsuit. However, no order of dismissal was signed at that time.

---

1. Perales and the Becks filed general denials. Perales later filed a written Rule 12 motion to dismiss.

On August 5, 1999, the city council adopted Ordinance 90218, ratifying the city attorney's action in filing the River City Cabaret lawsuit and generally authorizing the city attorney to file lawsuits under Tex. Civ. Prac. & Rem.Code § 125.001, *et seq.*, and § 125.021, *et seq.* The City then filed a motion to reconsider, which the trial court denied.

On August 18, 1999, the Cabaret, Jenkins, and Andrade filed a motion to enter an order of dismissal. On August 23, 1999, the trial court signed its first order dismissing the suit but reserving the issue of attorneys' fees. On October 18, 1999, the trial court entered a Final Judgment, dismissing the lawsuit in its entirety without prejudice, and refusing to award attorneys' fees to the appellees.

### Standard and Scope of Review

■ We review the trial court's grant of a Rule 12 motion for abuse of discretion. *See Henry v. Gonzalez*, 18 S.W.3d 684, 689 (Tex.App.-San Antonio 2000, no pet. h.). We defer to the trial court on factual findings and review legal conclusions *de novo. See id.; Gulf Reg'l Educ. Television Affiliates v. University of Houston*, 746 S.W.2d 803, 806 (Tex.App.-Houston [14th Dist.] 1988, writ denied). The facts are undisputed; therefore, the trial court's ruling, based upon interpretation of Tex.R. Civ. P. 12, the City Charter, Tex. Civ. Prac. & Rem.Code §§ 125.002 & 125.022, and the applicable case law involves only a question of law.[2]

### Discussion

■ The City contends the suit is authorized because the city attorney's authority was approved and the filing of the lawsuit ratified in Ordinance 90218, adopted after the suit was filed but before the trial court entered its judgment. The Cabaret argues the city council action is an invalid retroactive ratification of the lawsuit in violation of the Texas Open Meetings Act (TOMA).

■ We recognize a governmental body cannot give retroactive effect to an action taken in violation of TOMA. *See Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 646–47 (Tex. 1975). The invalid act may be ratified in an open meeting held in accordance with TOMA, but the ratification will only be effective from the date of the meeting in which the valid action is taken. *See City of Bells v. Greater Texoma Util. Auth.*, 790 S.W.2d 6, 11 (Tex.App.-Dallas 1990, writ denied). Thus, in this case, the city attorney had authority from the date of the city council's action, August 5, 1999, to prosecute a nuisance suit against River City Cabaret.

Rule 12 states the trial court "shall strike the pleadings *if* no person who is authorized to prosecute or defend appears." (emphasis added). Although the trial court made an oral ruling, no order was signed before the city attorney, duly authorized by adoption of Ordinance 90218, appeared to prosecute the lawsuit through a motion to reconsider. Even if the ratification was effective only after the date of the city council meeting, it was sufficient to preserve the suit because an authorized person did, in fact, appear to prosecute the lawsuit. Rule 12 does not authorize the trial court to dismiss a lawsuit if an authorized person appears to prosecute or defend.

### Conclusion

We hold the trial court had no discretion to dismiss the lawsuit under Tex.R. Civ. P.

---

2. The trial court made a "Finding of Fact" that there is no "express language" in the City Charter authorizing the city attorney to file suit under the Texas Civil Practice & Remedies Code. The Cabaret and the individual defendants argue we must give deference to this factual finding. If this statement means there is no specific reference in the city charter to Tex Civ. Prac. & Rem.Code §§ 125.002 & 125.022, it is a correct statement of fact. If the "finding" is an interpretation of the City Charter to mean the language is not broad enough to encompass a grant of authority to the city attorney to file suit under §§ 125.002 & 125.022, it is a conclusion of law and we review *de novo*.

12 after the duly authorized city attorney appeared to prosecute the action. Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings. We need not address the City's remaining issues or the cross-appeal for attorneys' fees.