**Motion Granted; Dismissed and Memorandum Opinion filed February 26, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-01125-CV

---

### YIGAL BOSCH, Appellant

### V.

### HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL DISTRICT, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, HOUSTON COMMUNITY COLLEGE SYSTEM, AND GREATER SHARPSTOWN MANAGEMENT DISTRICT, Appellees

---

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2012-48002**

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from a suit filed against Y.B. & S.J. Enterprises, Inc. and other defendants to collect delinquent ad valorem property taxes. Appellant Yigal

Bosch challenges the trial court's granting of appellees' rule 12 motion to show authority and the default judgment rendered against Y.B. & S.J. Enterprises, Inc. Because we conclude the trial court did not err in holding that Bosch does not have authority to represent Y.B. & S.J. Enterprises, we overrule Bosch's first issue. Because we find that Bosch does not have authority to represent Y.B. & S.J. Enterprises or standing to appeal on his own behalf, we dismiss the remainder of the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3.[1]

## FACTS AND PROCEDURAL BACKGROUND

Appellees sued Y.B. & S.J. Enterprises, Inc. and other defendants not party to this appeal in order to collect delinquent ad valorem property taxes. The petition stated, in pertinent part:

> The following are named as Defendant(s) in this suit, and they may be served with notice of these claims by service of citation at the address and in the manner shown as follows:
>
> **Y.B. & S.J. Enterprises, Inc, A Texas Corporation, whose corporate charter was forfeited on January 28, 2011 for nonpayment of franchise taxes, and upon whom service may be obtained by serving its President, Yigal Bosch at 2646 S. Loop W., #220, Houston, TX 77054;**
>
> . . .
>
> if living, and if any or all of the above named Defendant(s) be

---

[1] Under Texas Rule of Appellate Procedure 42.3, an appellate court can dismiss an appeal on any party's motion. Tex. R. App. P. 42.3. On June 13, 2014, appellees filed a rule 42.3 motion to dismiss on the grounds that Bosch was not named in the trial court's final default judgment and cannot serve as Y.B. & S.J. Enterprises' counsel in this appeal. Bosch responded to the motion, arguing that he was representing himself as the unknown owner of the described property and as having an equitable interest in the property—i.e., that he was a "Defendant" or party. We construe appellees' motion as requesting a dismissal for want of jurisdiction due to Bosch's lack of authority and status as a non-party. *See* Tex. R. App. P. 38.9 (briefing rules construed liberally); *Whitmire v. Greenridge Place Apts.*, 01-06-00963-CV, 2007 WL 2894167, at *5 n.2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2007, pet. dism'd) (mem. op.) (construing party's appeal of supersedeas bond as a rule 24.4 motion); *Runyan v. Mullins*, 864 S.W.2d 785, 788 (Tex. App.—Fort Worth 1993, writ denied) (courts liberally construe points of error).

deceased, the unknown heirs of each or all of the said above named deceased persons; and the unknown owner or owners of the following described property; and the executors, administrators, guardians, legal representatives, devisees or the above named persons; and any and all other persons, including adverse claimants, owning or having any legal or equitable interest or lien upon the below described property located in the county in which this suit is brought.

If any party is shown at an unknown address, the Defendant(s) include such person's unknown heirs, successors and assigns, whose identity and location are unknown, unknown owners, such unknown owner's heirs, successors and assigns, and any and all other persons, including adverse claimants, owning or having or claiming any legal or equitable interest in or lien upon the property which is the subject of the delinquent tax claim in this case.

(Emphasis in original).

Bosch filed a pro se answer and counterclaim. Appellees answered the counterclaim with a general denial. Appellees then filed a motion to show authority under Texas Rule of Civil Procedure 12.[2] Appellees argued that Bosch was not a licensed attorney and therefore lacked the authority to represent Y.B. & S.J. Enterprises.

In response, Bosch argued that because Y.B. & S.J. Enterprises no longer existed, the company's liabilities were transferred to the individual stockholders. Bosch further argued that the company's liabilities were transferred to him because

---

[2] Rule 12 states, in pertinent part:

A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act. . . . At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears.

Tex. R. Civ. P. 12.

he was the sole stockholder. Therefore, he was authorized to represent himself as a defendant in the lawsuit. The only evidence submitted by Bosch in support of his position was a document entitled "Franchise Tax Account Status." The document shows the status of Y.B. & S.J. Enterprises as of July 10, 2013. Under a heading entitled "Right to Transact Business," the document states, "Franchise Tax Involuntarily Ended." The document shows that Bosch is the company's registered agent. Bosch did not present any evidence that he was a licensed attorney authorized to represent Y.B. & S.J. Enterprises.

On August 5, 2013, the trial court granted appellees' motion and ordered that Bosch may no longer appear on behalf of Y.B. & S.J. Enterprises. The trial court further stated, "If no person authorized to defend appears before September 25, 2013, the court will strike Yigal Bosch's/Y.B. & S.J. Enterprises, Inc.'s pleadings." Bosch filed a pro se notice of appeal challenging the August 2013 order. Because there was no final judgment and Bosch had not complied with the requirements for a permissive appeal, this court dismissed the appeal for want of jurisdiction. *Bosch v. Harris Cnty.*, No. 14-13-00739-CV, 2013 WL 5503744, at *1 (Tex. App.—Houston [14th Dist.] Oct. 1, 2013, no pet.) (mem. op.).

On December 12, 2013, the trial court, having called the matter for trial, signed a final judgment of default against Y.B. & S.J. Enterprises. Bosch is not named as a party in the judgment. Bosch timely filed a pro se notice of appeal. Bosch asserts two issues on appeal: (1) whether the trial court erred in granting appellees' rule 12 motion to show authority, and (2) whether the trial court erred in rendering a default judgment against Y.B. & S.J. Enterprises.

DISCUSSION

We begin by discussing Bosch's first issue because our decision on that issue informs our ultimate conclusion regarding subject-matter jurisdiction. We then discuss Bosch's second issue and ultimately conclude that we lack subject-matter jurisdiction to decide the second issue. Accordingly, we dismiss the appeal.

**A.     The trial court did not abuse its discretion in granting appellees' Rule 12 Motion because Bosch did not have authority to represent Y.B. & S.J. Enterprises.**

In his first issue Bosch argues that the trial court erred in granting appellees' rule 12 motion to show authority.[3]

We review a trial court's ruling on a motion to show authority for an abuse of discretion. *In re Benavides*, 403 S.W.3d 370, 373 (Tex. App.—San Antonio 2013, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or clearly fails to analyze or apply the law correctly. *Id.* at 373–74. We defer to the trial court on factual findings and review legal conclusions de novo. *City of San Antonio v. River City Cabaret, Ltd.*, 32 S.W.3d 291, 293 (Tex. App.—San Antonio 2000, pet. denied). A finding that an attorney lacks authority to defend a suit is a conclusion of law that we review de novo. *See State v. Evangelical Lutheran Good Samaritan Soc'y*, 981 S.W.2d 509, 511 (Tex. App.—Austin 1998, no pet.) (citing *Gulf Reg'l Educ. Television Affiliates v. Univ. of Houston*, 746 S.W.2d 803, 806 (Tex. App.—Houston [14th

---

[3] Because Bosch does not challenge the procedure employed by appellees, we assume, without deciding, that a rule 12 motion to show authority is an appropriate vehicle for challenging the authority of a nonlawyer to represent the interests of a corporation. *See, e.g.*, *Kelly v. Hinson*, 387 S.W.3d 906, 912 (Tex. App.—Fort Worth 2012, pet. denied) (indicating that a rule 12 motion is appropriate to challenge authority of nonlawyer corporate officer to sign motion to compel arbitration); *Henderson v. Univ. of Tex. Med. Branch*, No. 12-02-00092-CV, 2003 WL 21553761, at *1 (Tex. App.—Tyler July 9, 2003, pet. denied) (mem. op.) (indicating that a Rule 12 motion is appropriate motion when basis is filing party's lack of a law license).

Dist.] 1988, writ denied)).

As a nonlawyer, Bosch did not have authority to represent Y.B. & S.J. Enterprises. Generally, corporations can appear and be represented only by a licensed attorney. *Kunstoplast of Am., Inc. v. Formosa Plastics Corp.*, 937 S.W.2d 455, 456 (Tex. 1996); *see* Tex. R. Civ. P. 7; *Unauth. Practice of Law Comm. v. Am. Home Assur. Co.*, 261 S.W.3d 24, 33 (Tex. 2008). The evidence in this case indicates that Bosch is not a licensed attorney authorized to represent Y.B. & S.J. Enterprises. Therefore, he did not have authority to represent Y.B. & S.J. Enterprises.

The trial court did not abuse its discretion when it granted appellees' motion to show authority on the ground that Bosch did not have authority to represent Y.B. & S.J. Enterprises. We overrule Bosch's first issue.

**B.      We do not have jurisdiction to decide Bosch's second issue because Bosch does not have authority to appeal on behalf of Y.B. & S.J. Enterprises or standing to appeal individually.**

In his second issue, Bosch claims the trial court erred in rendering a default judgment against Y.B. & S.J. Enterprises. We do not reach the merits of Bosch's second issue because we lack jurisdiction to do so.

First, we have determined that Bosch did not have authority to represent Y.B. & S.J. Enterprises. Therefore, even if Bosch's notice of appeal purported to be filed on behalf of Y.B. & S.J. Enterprises, which it did not, Bosch did not have authority to file a notice of appeal on Y.B. & S.J. Enterprises' behalf.[4] *See, e.g.,*

---

[4] Normally, a nonlawyer is not precluded from performing ministerial tasks—such as filing a notice of appeal—in order to preserve an entity's right to appeal. *See Kunstoplast*, 937 S.W.2d at 456. In this case, however, Bosch, as Y.B. & S.J. Enterprises' president and registered agent, has been on notice that the company needed counsel since August 5, 2013, the date the trial court granted the Rule 12 motion. Y.B. & S.J. Enterprises never hired counsel. We conclude, under these unique circumstances, that the notice of appeal filed on December 16,

6

*Pessarra v. Seidler*, No. 01-06-01035-CV, 2008 WL 2756589, at \*5 (Tex. App.—Houston [1st Dist.] July 17, 2008, pet. denied) (mem. op.).

Second, Bosch does not have standing to appeal the default judgment. Standing is a necessary component of subject-matter jurisdiction. *McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 231 (Tex. 2001). Generally, only parties of record have standing to appeal a trial court's judgment. *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006); *Kelly v. Lee*, 736 S.W.2d 750, 750 (Tex. App.—Houston [14th Dist.] 1987, no writ). Bosch was not a named defendant in the underlying lawsuit. Bosch is not named as a party in the judgment. The record contains no evidence that Bosch satisfied the conditions for establishing his status as a "Defendant" in the underlying lawsuit.[5] We conclude that Bosch was not a party to the lawsuit and did not have standing to appeal the default judgment.

Because Bosch did not have authority to bring this appeal on behalf of Y.B. & S.J. Enterprises and was not a party to the lawsuit, we do not have subject-matter jurisdiction and cannot reach the merits of Bosch's second issue.

## CONCLUSION

The trial court did not abuse its discretion in granting appellees' motion to show authority. Bosch has not shown that he had authority to represent Y.B. & S.J.

---

2013 by Bosch did not preserve the company's right to appeal the default judgment.

[5] On the issue of his status as a "Defendant," Bosch urges us to consider several documents attached as appendices to his appellate brief. "The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." Tex. Rule App. P. 34.1. "The burden is on the appellant seeking review to see that a sufficient record is presented to show error requiring reversal." *Henning v. Henning*, 889 S.W.2d 611, 613 (Tex. App.—Houston [14th Dist.] 1994, writ denied). "[W]e cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed." *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). The documents attached to Bosch's appellate brief were not included in the clerk's record and were not requested by Bosch. We cannot consider them.

Enterprises as required to appeal on Y.B. & S.J. Enterprises' behalf. Nor has he shown that he is a party with standing to appeal the trial court's judgment. Accordingly, we dismiss the appeal for want of jurisdiction.

/s/      Marc W. Brown
         Justice

Panel consists of Justices McCally, Brown, and Wise.